# WHEELING.

## JOHNSON *v.* B. & O. R. R. Co.

Submitted January 28, 1885.—Decided April 11, 1885.

1. In an action for killing a horse the plaintiff as a witness for himself stated, that he had bought the horse four or five years before it was killed, and that it was worth when killed a certain price; on cross-examination the defendant asked him, what he paid for the horse, which question on objection by the plaintiff was excluded by the court. This was not error to the prejudice of plaintiff in error under the circumstances of this case. (p. 572.)

2. A party, who moves the court to exclude the evidence of the oppo-

site side, must be treated as a demurrant to such evidence, at least as to the effect which is to be given to it.   (p. 573.)

3. Negligence is in most cases a mixed question of law and fact ; and generally what particular facts constitute negligence is a question for the determination of the jury from all the evidence before it bearing on the subject, rather than a question of law for the determination of the court.   (p. 573.)

4. Where the case made by the evidence is such, that reasonable men unaffected by bias or prejudice would be agreed concerning the presence or absence of due care, the court would be justified in saying that the law deduced the conclusion accordingly. (p. 576.)

5. If the facts are unambiguous, and there is no room for two honest and apparently reasonable conclusions, the court should not be compelled to submit the question to the jury as one in dispute. (p. 576.)

6. In an action for injuries done to live-stock on a railroad-track by the negligence of the defendant the burden of proving the negligence is upon the plaintiff, but this does not require him to prove that he did not contribute to the negligence which occasioned the injury.   The plaintiff will have shown a *prima facie* right to recover when he has proven that the injury has in fact been done and, in addition thereto, facts and circumstances from which a jury may fairly conclude that such injury was caused by the negligence of the defendant, leaving out of consideration any question of contributory negligence.   (p. 576.)

7. A case in which it is held, that the facts proved by the plaintiff made a *prima facie* case of negligence against the defendant, and the court properly denied the defendant's motion to exclude the plaintiff's evidence from the jury.

The opinion of the Court contains a statement of the case.

*H. M. Russell* for plaintiff in error.

*J. A. Ewing* for defendant in error.

Snyder, Judge :

Action of tresspass on the case brought in the circuit court of Marshal county by Simeon Johnson against the Baltimore and Ohio Railroad Company to recover damages for the killing of two horses by the defendant.   There was a verdict for the plaintiff for $335.00 on which the court entered judgment July 5, 1882.   During the trial the defendant ex-

cepted to certain rulings of the court and to review those rulings obtained this writ of error.

1. The plaintiff having testified on his own behalf that the horses killed were worth $495.00, that he had bought one of them five years before when it was only two years old and the other four years before they were killed, the defendant's counsel asked him on cross-examination, "How much did you pay for them?" On objection by the plaintiff's counsel the court excluded the question and this is assigned as error.

The time here was so great between the date of the purchase of the horses and that at which their value is sought to be proved, that any answer given by the witness would have furnished very little, if any, information as to their value at the latter date. If the price paid could in any case be proper evidence of the value at a subsequent time, it would certainly not be proper where the intervening time was so long as it was in this instance. The price paid is not necessarily the market value of a horse, but rather the value placed upon it by the seller and the purchaser at the time. It will not be contended that the value placed upon the horse by the owner fixed by the estimate of what it is worth to him would be proper evidence. The evidence excluded was of this nature. In four or five years the intrinsic value of a horse would almost certainly change very materially; and not only so the market value of a horse of the same intrinsic value would probably be very much altered in that time. The plaintiff was not examined as an expert unless it be true as suggested by the counsel for defendant in error, that every man is an expert in horse flesh, but he was testifying on his own personal knowledge of the particular horses in question and his experience as to their market value. His was such testimony as is uniformly received in Virginia and this State to prove the capacity or sanity of a particular person with whom the witnesses are well acquainted, or to establish the value of land or other property, real or personal. The value of their testimony in such cases, depends not upon the skill of the witnesses, but upon the facts known to them and upon which they base their opinions.—*Jarrett v. Jarrett*, 11 W. Va. 584; *Bank v. Rutland*, 33 Vt. 414.

2. When the plaintiff closed his evidence in chief the defendant moved the court to exclude the same, which motion the court denied, and this is also insisted upon as error.

The rule is settled in this State that a party, who moves to exclude the evidence of the opposite side, occupies the position of a demurrant to such evidence, at least, as to the rule of construing it.—*Dresser* v. *Transportation Company*, 8 W. Va. 553; *Schwarzbach* v. *Insurance Company*, *infra*.

The rule in such case is, to give full faith and credit to all the evidence of the demurree and all the inferences a jury might fairly draw from it, and if, when so considered, the evidence would sustain a verdict for the demurree the judgment of the court would be for him.—*Allen* v. *Bartlett*, 20 W. Va. 46; *Morgan* v. *Fleming* 24 *Id.* 186. But on a motion to exclude the evidence in such case, the court could give judgment for neither party, it would simply deny or overrule the motion which would be equivalent to deciding that the evidence sought to be excluded would, at that stage of the case, sustain a verdict for the party whose evidence the court was asked to exclude, and would not, necessarily, be a refusal to entertain the motion.

It is stated in the argument here that " the court below felt itself constrained by certain expressions of this Court in the case of *Washington* v. *B. & O. R. Company*, 17 W. Va. 190, to overrule the defendant's motion to exclude the plaintiff's evidence." It is also stated in the brief of counsel for the defendant in error that, "the *Washington* case not only does not compel such a ruling * * but does not even warrant it. There seems to be an impression especially since the decision of that case, that the decisions of this Court made it necessary to submit to the jury every case in which an allegation of negligence shall be made against a defendant. This impression has arisen, perhaps, from a careless reading of the *Washington* case and a failure to give due weight to the portion of the opinion which I take the liberty of italicizing : ' Negligence is a mixed question of law and fact generally, and what particular facts constitute negligence is generally a question of fact for the determination of the jury from all the evidence before them bearing on the subject, rather than a question of law for the determination of the court. The

most the court can do ordinarily, *when there is a contrariety of testimony,* and the question of care or negligence *depends upon the consideration of a variety of circumstances,* is to define the degree of care and caution required by law, and leave to the practical judgment and discretion of the jury the work of comparing the acts and conduct of the parties concerned, with the duties required by them under such circumstances.'" Pages 214, 215.

Immediately following the above quotation and as a part of the same paragraph this Court in that case, says: " There may be some cases where the question of negligence may properly be one of law for the court; but such case must pre-. sent some prominent act not depending upon surrounding circumstances for its quality, and in regard to the effect and character of which no room is left for ordinary minds to differ. Negligence is, however, *generally* a relative term, very much dependent upon the particular facts and circumstances of each case that occurs; so that what may be ordinary or reasonable care in one state of the case may be gross negligence in another." 17 W. Va. 215.

Properly construing these quotations and other portions of the opinion from which they are taken, it does not seem to me, there can be any doubt as to their meaning or any question as to the soundness of the legal proposition therein announced.

The following extracts from Cooley on Torts, which contain the law as deduced from numerous decisions, fully sustain the rule laid down in the *Washington* case by this Court:

" The question broadly stated must be, whether, in the infinite variety of human transactions, the law can say that, as to certain of them, the party charged with a duty was negligent, and as to all others he was not negligent. Manifestly this is impossible. There is no clear line of either moral or legal right by which the infinite diversity of cases where injury has resulted may be classified. Seldom, indeed, is one case in its facts exactly like one which has preceded it, and the decision upon the fault of one can consequently throw little light upon the rest. Rules of law must be certain so as to constitute guides; but the rule of one case can never constitute a guide in the next if the facts and conclusions flow-

ing from them are of that indeterminate character and quality that the question whether the one was parallel to the other is one upon which different minds and different judges would be likely to disagree." Page 667.

"There are some cases as to which there should be and could be no real doubt in the minds of fair men." Then after giving illustrations of such cases the author says: "It is not to be supposed that two men equally fair could differ concerning such cases." Page 668.

"But in a very large proportion of the cases in which negligence is counted upon, the facts are of that ambiguous quality or the proper conclusion so doubtful, that different minds would be unable to agree concerning the existence of fault, or the responsibility of it. The question will often be, does the defendant appear to have exercised the degree of care which a reasonable man would be expected to exercise under like circumstances? To such a question a man of exceeding cautious temperament might respond that he did not; another more sanguine and bold might say he did; and by the side of one or the other of these would the rest of the community range themselves, each person largely affected by temperament and perhaps by his own experience, but firmly maintaining that rule to be a proper one which now, on a retrospective examination of facts, seems to him to be such.

"If the judge, in such a case, were to pass upon negligence as a question of law, he must, in doing so, be endeavoring to enforce a rule of a variable nature, which must take its final coloring from the experience, training and temperament of the judge himself; a rule which his predecessor might not have accepted, and which his successor may reject, and upon which a court of review may reverse his action, not because the facts are differently regarded, but because judges are men and are different. As has been said in one case, it must be a very clear case, indeed, which would justify the court in taking upon itself this responsibility. For when the judge decides that a want of due care is or is not shown, he necessarily fixes in his own mind the standard of ordinary prudence, and measuring the conduct of the party by that, turns the case out of court or otherwise disposes of it upon his opinion of what a reasonably prudent man ought to have done under

the circumstances.    But this is only one of many difficulties when the court takes into its own hands the decision upon questions of negligence. It often happens that fault in some one is unquestionable, and yet that the deduction of negligence is in dispute, because the duty to guard against it is disputable and is disputed."—p. 669.

" The proper conclusion seems to be this : If the case is such that reasonable men, unaffected by bias or prejudice, would be agreed concerning the presence or absence of due care, the judge would be quite justified in saying that the law deduced the conclusion accordingly.    If the facts are not ambiguous, and there is no room for two honest and apparently reasonable conclusions, the judge should not be compelled to submit the question to the jury as one in dispute." p. 670.

I have thus largely quoted from Judge Cooley, because of the admirable and able manner in which he has stated the rule and the reasons therefor on the subject. This exposition is, in my judgment, entirely in harmony with the decisions of this Court and the better considered cases of other States. It is, therefore, approved and adopted as a part of this opinion. *Snyder* v. *Railway Company,* 11 W. Va. 14 ; *Baltimore & Ohio Railroad Company* v. *Fitzpatrick,* 35 Md. 32, 44; *Detroit Railroad Company* v. *Van Steinburg,* 17 Mich. 99 ; *Texas Railroad Company* v. *Murphy,* 46 Tex. 356, 366; *Spencer* v. *Milwaukee Railroad Company,* 17 Wis. 487 ; *Holbrook* v. *Utica Railroad Company,* 12 N. Y. 236.

It has been repeatedly decided  by this Court that the owners of domestic animals straying on an unenclosed road of a railroad company are not trespassers, and that such company has no right to presume the owners will not suffer them to roam on the track of a railway.    *Blain* v. *Chesapeake & Ohio Railway Company,* 9 W. Va. 252; *Baylor* v. *Baltimore & Ohio Railroad Company, Id.* 270 ; *Washington* v. *Baltimore & Ohio Railroad Company,* 17 *Id.* 190.

Viewing the facts proved by the plaintiff, and which the defendant moved the court to exclude from the jury in the case at bar, in the light of these rules and principles of law, it seems to me plain that the court properly denied said motion. When damages are alleged to have been occasioned by the

negligence of the defendant, it is undoubtedly true in such cases as this that the burden of proving the negligence is on the plaintiff. But this does not require him to prove that he has not contributed to the negligence which occasioned the injury, the burden of showing this is upon the defendant. *Snyder* v. *P. C. & S. Railroad Company*, 11 W. Va. 14 ; *Sheff* v. *Huntington*, 16 W. Va. 307. All that can be required of the plaintiff by either law or reason is, that he shall prove he has been actually damaged and in addition thereto facts and circumstances from which the jury may fairly conclude that such damage was caused by the negligence of the defendant, leaving out of consideration any question of contributory negligence, the burden of showing this being on the defendant and not on the plaintiff. Cooley on Torts, 673.

It has been decided, that where an unfenced railroad passes through a farm where live-stock are running which strays upon the road and are killed by the train, these facts unexplained make a *prima facie* case of negligence against the railroad company. *McCoy* v. *Cal. P. Railroad Company*, 40 Cal. 532 ; *Hazlett* v. *P. & R. Railroad Company*, 23 Pa. St. 373.

The evidence of the plaintiff which the defendant asked the court to exclude from the jury was on the question of negligence, in substance, as follows : On the evening of May 13, 1881, the plaintiff put his two horses in a pasture field some distance from the line of the defendant's railroad between Roseby's Rock and Moundsville, in Marshall county ; that between these points there is a straight piece of road nearly or quite a mile long ; that a witness, Mrs. Berge, who lived near the defendant's road about the center of this straight line, testified that she could see along the road a half mile on either side from her house, that about day-light on the morning of May 14, 1881, she heard a locomative whistle and went out of her house to look for the train ; that she saw opposite her house the plaintiff's horses running on the track of the road and a freight train, about four or five telegraph poles behind them, running in the same direction at the rate of about twenty or thirty miles an hour, that the horses continued running on the track in front of the train until both train and horses passed out of her sight around a bend in the road a half mile from her house where she first saw them,

and in that distance the train had gained on the horses so that it was but one or two telegraph poles behind them when it passed out of her sight; that she saw the engineer and trainmen sitting on the train doing nothing that she could discover, there was no check in the speed of the train, nor was the bell rung or whistle blown until a short time, after the train passed from her sight when she heard the whistle. A short time after this train passed the two horses were found on the side of the track, one of them dead and the other in a dying condition, both had their legs broken and were otherwise cut and bruised, as if they had been struck and thrown from the track by a locomotive; they were found some distance around the bend where the train passed from the sight of the witness, Mrs. Berge, and some distance from each other, what these distances were cannot be definitely fixed as the witnesses differ in their estimates, but the distance from the bend to where the farther horse was found would, probably not exceed five or six hundred yards, and it was about half that distance to where the other horse was found.

It seems to me that this evidence is not of such a character as to show plainly that there was no negligence on the part of the defendant, but tends rather to an opposite conclusion. It is certainly not so plain and unambiguous, "that reasonable men, unaffected by bias or prejudice, would be agreed concerning the presence of due care" on the part of the defendant. It is true that no one saw the horses at the very time they were killed, but it is proved that they were found dead or dying very shortly after the train passed bearing indications that they had been struck by it, that for over a half mile they had been pursued by the train on a straight line of road, the train gaining on them at a rate by which it would naturally overtake them about where they were found. During the whole half mile or more which they ran on the track they could by the most ordinary care of the defendant's engineer, have been seen by him as he was much nearer to them than Mrs. Berge who saw them all the way from her house, yet he made no effort to check the train or blow his whistle to scare the horses from the track  It does not appear from plaintiff's evidence that any one on the train even saw the horses.  Not to have discovered the horses under the

circumstances was, of itself negligence on the part of the defendant's servants.   If the engineer had discovered them promptly as he should and would have done had he exercised due care, he could, by blowing his whistle and stopping his train, have, perhaps, prevented any collission and saved the horses.   This was at least a probability for the consideration of the jury.

Taking the whole evidence and the inferences which the jury might fairly draw from it, it seems to me, a plain *prima facie* case of negligence was made against the defendant, which in the absence of any explanation or countervailing evidence would have entitled the plaintiff to a verdict.   The court, therefore, did not err in denying the defendant's motion to exclude said evidence from the jury.

It follows, necessarily, from what has been said, that the court did not err in refusing the instruction of the defendant which it declined to give.   It is not claimed that the court should have set aside the verdict of the jury because it was contrary to the evidence if the motion to exclude the plaintiff's evidence was properly overruled; therefore, as we have held said motion was rightly overruled, we must, also, hold, that the court did not err in denying the defendant's motion for a new trial.   The judgment of the circuit court is affirmed.

AFFIRMED.