# CHARLESTON.

## GERITY'S ADMX. v. HALEY.

Submitted Sept. 6, 1886.—Decided Nov. 13, 1886.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where negligence is the ground of an action, it rests upon the plaintiff to trace the fault for his injury to the defendant, and for this purpose he must show the circumstances, under which the injury occurred; and if from these circumstances so proven by the plaintiff it appears, that the fault was mutual, or in other words, that contributory negligence is fairly imputable to him, he has by proving the circumstances disproved his right to recover, and on the plaintiff's evidence alone the jury should find for the defendant. (p. 103.)

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—DEMURRER TO EVIDENCE—EXCLUSION OF EVIDENCE.

If the defendant demurred to the plaintiff's evidence, and the evidence showed, that the defendant was as a legal proposition guilty of the negligence, which caused the plaintiff's injury, but further as a legal proposition proved, that the plaintiff was guilty of contributory negligence, the court should sustain the defendant's demurrer; or in such a case the court ought on the motion of the defendant to exclude from the jury all the plaintiff's evidence. (p. 105.)

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—DEMURRER TO EVIDENCE—EXCLUSION OF EVIDENCE.

If the defendant demur to the plaintiff's evidence, and the evidence fails to show, that the defendant was as a legal proposition guilty of negligence, but shows a case, in which the negligence of the defendant was properly a mixed question of law and fact, and the jury could not unreasonably infer from the evidence, that the defendant was guilty of negligence, which caused the plaintiff's injury, but this evidence of the plaintiff is such, that it would obviously require the jury, if they should find there was any negligence in the case, to find that it was mutual, the proof of the negligence of the defendant being exactly the same facts and circumstances, which necessarily establish the contributory negligence of the plaintiff, if they establish the negligence of the defendant, upon such a case the court should sustain the defendant's demurrer to the plaintiff's evidence; and in such case, if asked by the defendant, the court should exclude all the plaintiff's evidence from the jury. (p. 108.)

Statement of the case by GREEN, JUDGE:

This was an action on the case brought September 13, 1882, in the Circuit Court of Ohio county by Catharine Gerity, ad-

ministratrix of Patrick Gerity, against James Haley to re-
cover damages for the wrongful act, neglect and default of
said Haley, whereby the plaintiff's intestate, Patrick Gerity,
lost his life. There was a demurrer to the declaration, which
the court overruled; the defendant pleaded not guilty; and
issue was joined on that plea. The plaintiff having intro-
duced and submitted all her evidence, the defendant moved
the court to exclude it all, the court sustained the motion,
the plaintiff excepted, and the court signed the bill of excep-
tions, in which all the plaintiff's evidence is set forth at
length. On May 19, 1885, the jury found a verdict for the
defendant; and the plaintiff moved the court to grant her a
new trial, which motion, the court having taken time to con-
sider, it overruled on the 16th day of November, 1885, to
which the plaintiff excepted; and thereupon it was consid-
ered by the court, "that the plaintiff take nothing by her
bill but for her false clamor be in mercy, &c., and the de-
fendant go thereof without day and recover against the
plaintiff his costs by him about his defense in this behalf
expended."

To this judgment a writ of error was awarded by a judge
of this court.

The plaintiff's evidence set forth in the bill of exceptions
shows, that the case as proven by it as follows:—Beck and
Adams were contractors with the city of Wheeling for lay-
ing certain water-pipes in the streets of said city; and the
defendant, James Haley, had a sub-contract with Beck & Ad-
ams for digging a ditch to receive this water-pipe, in which
plaintiff's intestate, who was one of the hands employed by the
defendant to dig the ditch, was injured. The ditch, in which
the accident occurred, was in Market street and the place,
where it occurred, was opposite the market-house. There
is a considerable difference in the soil in Market street, a
portion being clay and a portion, as shown by this ditch, be-
ing largely sand and gravel with much less clay. Where the
accident occurred, the top of the soil for some distance was
clay, and under this layer of clay was a layer of gravel and
sand. The pipe, which they were laying in this ditch, was
thirty inches in diameter; and in laying it they had to shovel
under the sides of the ditch, which made them more liable

to fall in; and there the sides were propped but nowhere else. The men were thus laying down the pipe eight or ten yards below, where Gerity was at work, and below where the caving-in took place, the sides being propped. A person going down the street, just before the accident occurred, went upon the top of the bank of dirt, which had been thrown up all on one side, to look over into the ditch, which he regarded as dangerous, and that the men working in it were liable to be buried by a slide. He can not say, whether or not his additional weight caused the slide, which occurred, just where he was, and while he was there. The slide was too sudden for him to give any alarm. He did not go in with the slide but went back. A few minutes after this caving-in the bank caved in still further, this second caving-in adjoining the first.

One of the plaintiff's witnesses on the examination in chief said :—"I don't know, what acquaintance Gerity had with that sort of work. I had known him working at that sort of work before; I don't know anything about that." On cross-examination the witness stated, that he had been working at the ditch for five or six weeks, and it was being dug in the same manner all the time. Some dirt caved in on a young man just below, where this accident occurred to Gerity. The young man was so hurt, that he had to be carried home in a wagon. Gerity was at work in the ditch close to this young man, when the accident occurred. This evidence about the other accident was objected to by the plaintiff as not proper to go to the jury or to be brought out on cross-examination ; but the court allowed it to go to the jury. It was also proven, that the ditch, where the accident occurred, was seven or eight feet deep and seven or eight feet wide at the top and five or six feet wide at the bottom. This was about the slope of the sides of the ditch all along Market street, wherever there was gravel and sand in the soil. It was further shown, that on January 9, 1882, at about eight o'clock A. M. Patrick Gerity, the plaintiff's intestate, was at work in this ditch opposite the market-house for the defendant Haley, when he was hurt by the sliding down of the dirt piled up on one side of the ditch and the caving-in of the side of the ditch suddenly for a distance of eight or

ten yards.   The dirt covered him and another laborer almost
to his shoulders and so injured him internally, that he died of
the injury in a few hours.   The deceased left a widow and six
children under sixteen years of age.   The plaintiff offered in ev-
idence two deeds, dated October 20, 1882, whereby for $8,000.00
the defendant conveyed to a third person a certain lot in
Wheeling, which this third person at once re-conveyed to the
wife of the defendant; and the plaintiff offered to prove, that
this was all the property, that the defendant then had; but the
court refused to permit this evidence or the deeds to go to
the jury.   This was all the plaintiff's evidence; and on
motion of defendant's counsel it was all excluded from the
jury.

*Hubbard* and *Rheinstrom* for plaintiff in error.

*H. M. Russell* for defendant in error.

GREEN, JUDGE :

This suit is brought under chapter 103, sections 5 and 6 of
the code (Warth's Am. Code 634), which provide, that a
suit may be brought by the personal representative of a de-
ceased person, whose death has been caused by the wrong-
ful act, neglect or default of another, whenever the act, neg-
lect or default is such, as would, if death had not ensued,
have entitled the party injured to maintain an action to re-
cover damages in respect thereof.   In this case the court on
motion of the defendant excluded all the plaintiff's evidence.
This should never be done, except when regarding the de-
fendant, as though he was a demurrant to the plaintiff's evi-
dence, the court would find for the demurrant ( *Schwarzbach*
v. *Protective Union*, 25 W. Va. 622; *Draper* v. *Transporta-
tion Co.*, 8 W. Va. 533).   Just as a demurrer to evidence
withdraws from the jury, the proper triers of facts, the con-
sideration of the evidence, so does the exclusion of all the
plaintiff's evidence on motion of the defendant; and there-
fore in either case the plaintiff is entitled to have his evi-
dence most benignly interpreted by the substituted court
( *Miller* v. *Insurance Co.*, 8 W. Va. 515).   So construed the
plaintiff's evidence proves her case to be as follows :—The
defendant employed the plaintiff's intestate as a laborer to

aid in digging a ditch in the streets of Wheeling, in which to lay a pipe; the ditch was seven or eight feet deep, and the sides sloped so little, that, when the nature of the soil was considered, there was danger of the sides caving in and injuring the laborers employed in digging the ditch. There were no timbers or props put along the sides of the ditch to prevent it from caving in, and no one was placed on the banks of the ditch to give the laborers warning, if there should be any indication at any time, that the banks of the ditch were about to cave in; but the plaintiff's intestate, one of the laborers employed to dig the ditch, was as fully aware of the danger, he incurred, as was his employer. On January 9, 1885, suddenly and without any warning the bank caved in and the *debris* covered Gerity, who was standing up at work in the ditch, almost to his neck, which so injured him, that he died of the injury in a few hours.

Can the plaintiff recover of the defendant on this state of facts? The court below decided, that she could not, withdrawing the case from the jury and holding, that as a question of law the plaintiff on such a state of facts could not recover. There would seem to be no question, but that this presents a case of contributory negligence, in which the plaintiff can not under well settled law recover. For admitting, that the defendant was guilty of negligence, yet the injury sustained by the plaintiff's intestate was certainly no more attributable to the defendant's negligence than it was to the negligence of the plaintiff's intestate, who voluntarily placed himself in a situation, where he knew, he was in danger; for the evidence shows, whether we exclude that part of the evidence, which the defendant's counsel asked to be excluded, or not, that Gerity certainly did know the danger and the character of the danger, he was incurring. If Gerity did not know, that there was danger, that the sides of the ditch would cave in upon him, then we can draw no other conclusion from the evidence than that the defendant was equally ignorant of it; for it is certainly proven, that the defendant had no more knowledge and no more means of knowledge of this danger than Gerity had. If one was justified in concluding that there was no such danger, the other was equally justified in drawing the same conclusion. So that

either there was no negligence on the part of the defendant, for which he can be held responsible in damages; or, if there was negligence on his part, there was concurrent and contributory negligence of precisely the same character on the part of the plaintiff's intestate; and in neither case can the plaintiff recover damages of the defendant.

This inevitable conclusion the counsel for the plaintiff in error endeavors to escape by insisting, that the evidence establishes negligence on the part of the defendant, when that evidence is benignly construed by the court, as it must be, because the defendant has withdrawn the facts from the jury. This is true; but, as we have shown, the plaintiff's own evidence shows that Gerity was guilty of contributory negligence, if the defendant was guilty of negligence. To meet this the counsel for the plaintiff insists, that contributory negligence is a defence to be made out by the defendant; and when he offers no evidence and asks the court to exclude from the jury all the plaintiff's evidence, the court can not rightfully do this, if the plaintiff has made out his case by proving, that the injury was the result of the defendant's negligence; and if the defendant relies on the contributory negligence of the plaintiff as a defence, the jury, not the court, was the tribunal to decide, whether or not this defence was made out; and no matter how clear it may have appeared to the court, that the plaintiff's own evidence showed that Gerity was guilty of contributory negligence, yet the court had no right to withdraw the trial of that question from the jury by excluding all the plaintiff's evidence. This proposition I propose now to examine.

Cooley in his Work on Torts, page 673, says:—"Where negligence is the ground of an action, it devolves upon the plaintiff to trace the fault of his injury to the defendant, and for this purpose he must show the circumstances, under which it occurred. If from these circumstances it appear, that the fault was mutual, or in other words, that contributory negligence is fairly attributable to him, he has by showing them disproved his right to recover."—To establish this he refers to *Railroad Co.* v. *Gladnore*, 15 Wall. 401; *Fuch* v. *Railroad Co.*, 39 Md. 574, and *McQuilken* v. *Railroad Co.*, 50 Cal. 7. These decisions support the conclusion drawn

from them ; and this, it seems to me, is a correct exposition of the law, and consists with our decisions, though there are to be found in them expressions, which, unless the whole cases is examined with care, might seem to be inconsistent with the law as above stated. There is no question, but that in this State contributory negligence is a matter of defence, and it is not necessary for the plaintiff in establishing his case to prove, that he was not guilty of contributory negligence (*Sheff*. v. *City of Huntington*, 16 W. Va., 307, pt. 4 of syll.) It is true that in other States the burden of proving want of contributory negligence rests on the plaintiff. There are on the other hand many decisions, that contributory negligence is purely matter of defence, and that the burden of proving it is on the defendant. These cases are reviewed in the West Virginia case above cited on pages 315–317; and we adopt the latter as laying down the better rule and more in accord with sound reason and the dictates of justice. In that case Judge Johnson says in conclusion:— " All the authorities agree, that, if the evidence, whether it is introduced by the plaintiff or the defendant, show, that the negligence of the plaintiff was the proximate cause of the injury, he can not recover."

Suppose now, that the plaintiff's evidence instead of disclosing, that his negligence was the proximate cause of the injury, discloses, that he was guilty of contributory negligence, of course the jury on the plaintiff's evidence alone would find for the defendant. But suppose the defendant chose to demur to the plaintiff's evidence or move to exclude it all from the jury, the court, it seems to me, would have to act, just as the jury would on proof of contributory negligence, and sustain the demurrer, if it disclosed, that as a legal proposition the plaintiff has been guilty of contributory negligence; or the court would, which is the equivalent, exclude all the plaintiff's evidence. The real difficulty in such a case is to determine, whether the contributory negligence claimed to be shown by the plaintiff's evidence is such, that the court can pronounce it as a question of law contributory negligence, or whether, as is more frequently the case, the claimed contributory negligence disclosed by the plaintiff's evidence is a mixed question of law and of fact, which the

court can not decide. When this is the case, the court ought not to exclude the plaintiff's evidence (*Johnson* v. *Railroad Co.*, 25 W. Va., 573), not because the court can not consider the question, whether the plaintiff's evidence establishes his contributory negligence, but because in the particular case the facts proven are such as to make it a mixed question of law and fact, which must be left to the jury.

In *Dimmey* v. *Railroad Co.*, 27 W. Va. 46, 47, this Court states the law as follows :—"It is not necessary in a declaration to negative the fact, that the plaintiff was guilty of contributory negligence. (*Snyder* v. *Railroad Co.*, 11 W. Va. 14; *Washington* v. *Railroad Co.*, 17 W. Va. 190.) But if the declaration shows on its face, that the plaintiff was guilty of negligence, which was the direct cause of the injury, it will be held bad on demurrer. (*Sheff* v. *Huntington*, 16 W. Va. 307.)" It seems to me to follow, that if on a demurrer to the plaintiff's evidence it appears, that he was guilty of such negligence, as the court could as a legal proposition hold to be contributory negligence, the court would sustain the demurrer to the evidence ; but the court could not sustain such demurrer, merely because the plaintiff's evidence did not show him to be free from fault or not guilty of contributory negligence.

The plaintiff's counsel to sustain his position, that on a motion to exclude all the plaintiff's evidence or on a demurrer to the evidence the court can properly consider that portion of the plaintiff's evidence, which tends to prove his case and the defendant's negligence, and must exclude from consideration that, which shows, that he was guilty of contributory negligence, relies on what was said by Judge Snyder in *Johnson* v. *Railroad Co.*, 25 W. Va. 576–7. The Judge's language is :—"When damages are alleged to have been occasioned by the negligence of the defendant, it is undoubtedly true in such cases as this, the burden of proving the negligence is on the plaintiff. But this does not require him to prove, that he has not contributed to the negligence which occasioned the injury; the burden of proving this is upon the defendant (*Snyder* v. *Railroad Co.*, 11 W. V., 14 ; *Sheff*. v. *Huntington*, 16 W. Va. 307). All that can be re-

quired of the plaintiff by either law or reason is, that he shall prove he has been actually damaged, and in addition thereto facts and circumstances, from which the jury may fairly conclude, that such damage was caused by the negligence of the defendant, leaving out of consideration any question of contributory negligence, the burden of showing that being on the defendant."

Immediately following this quotation, Judge Snyder states all the plaintiff's evidence, which the defendant asked should be excluded; and there is not a scintilla of evidence to show, that the plaintiff could have been guilty of contributory negligence. The action was to recover damages for two horses killed by a locomotive of the defendant's on its railroad track. It has been over and over again decided by this Court, that the simple allowance of live-stock to run at large in a field, through which an unfenced railroad runs, is not contributory negligence on the part of the owner of said live-stock; and this is declared by Judge Snyder in this opinion to be the law; and as this was all, that the plaintiff's evidence showed, was done by him, there was of course no question about contributory negligence in the case, there not being a particle of evidence tending to show such contributory negligence. Judge Snyder's language, "leaving out of consideration any question of contributory negligence, the burden of showing that being on the defendant"—fairly construed means, that, if the plaintiff's case be proven by his evidence, and there is no proof produced by him tending to show contributory negligence, the jury on this evidence alone would "leave out of consideration any question of contributory negligence," as the plaintiff was not bound to show, that he was not guilty of contributory negligence. To construe Judge Snyder's language as laying down the law, that, if the plaintiff's evidence had shown, that he was guilty of contributory negligence, the jury should then "leave out of consideration any question of contributory negligence" is, it seems to me, entirely perverting its meaning. He used the language in reference to the case before him, which differed entirely from the case before us, there being no evidence in that case of contributory negligence, while in this case the evidence, which is offered to prove negligence on the part of

the defendant, proves also contributory negligence on the part
of the plaintiff.

The negligence of the defendant in the case before us was
a conclusion sought to be drawn from the depth of the ditch,
the character of the soil, the small slope in the sides of the
ditch, the throwing out of the dirt all on one side, the fact,
that the sides of the ditch were unsupported, and the fact,
that there was no one placed on the bank to give the work-
men warning of an approaching slide. These dangers were
all obvious, and the plaintiff's intestate must necessarily
have known the risk he was running, and the necessity, if
there was any, to provide against danger just as well, nay
better, than his employer could have known it. If therefore,
as we have assumed, the jury could under these circum-
stances, all disclosed by the plaintiff's evidence, have infer-
red, that the defendant was guilty of negligence, they would
have necessarily inferred, that the plaintiff's intestate was
equally guilty of negligence in working in the ditch with
a full knowledge of all the circumstances, from which alone
they inferred the defendant's negligence; and all this ap-
pearing to the court, it would have been bound, if asked, to
set aside any verdict rendered by the jury in favor of the
plaintiff. This case is of course entirely different from those
cases, where in any work dangerous appliances were used,
which the employer knew were dangerous, but the servant
did not, and from those, where defective machinery was
furnished by the employer, which, he knew was defective,
but which the servant did not, as in *Cooper* v. *Railway Co.*,
24 W. Va. 37, and from those, where a master had notice of
defects and promised to remedy them, and the servant con-
tinued in the dangerous occupation relying on such promise,
as in *District of Columbia* v. *McElligott*, 117 U. S. 621. A
very different case would be presented, if the plaintiff's in-
testate had been engaged in some work, the dangers of
which, the jury might fairly infer, he was ignorant of, and
the employer aware of. The law is thus stated in *Berns* v.
*Coal Co.*, 27 W. Va. 296:—

"A workman employed in any dangerous occupation takes
it with all ordinary risks. The master is bound to provide
for the safety of his workmen, as far as can be reasonably

expected; and he must not use any art to conceal dangers, * * * *. If a workman reasonably apprehends danger from any particular acts, he may decline to do them. If he willingly or wilfully encounters dangers, which are known to himself, or which are notorious, the master is not responsible."

The argument of the counsel for the plaintiff in error is largely an attempt to show, that the Circuit Court erred in not disregarding the evidence given by one of the plaintiff's witnesses on cross-examination, that the plaintiff's intestate was present, a short time before the accident befell him, working in the same ditch but on another street, when a like accident befell another workman, and that thus knowledge was brought directly home to him of the risk he ran in working in this ditch. I have not deemed it necessary to consider this question. If this evidence was properly considered by the Circuit Court, the plaintiff's intestate must be regarded as having positive notice of the extent and character of the risk he was running; but as the jury would have the right to infer, that the defendant also knew of this previous accident and so of the risk, to which he was exposing his workmen, it seems to me, the case would not be materially changed by the admission or rejection of this evidence. In either case the jury could not from the evidence come to any other conclusion, than that the plaintiff's intestate had as much knowledge of the extent and character of the danger, to which he was exposed, as the defendant had, and therefore, if the defendant was guilty of negligence, the plaintiff's intestate was guilty of contributory negligence.

Much of the argument of the counsel for the plaintiff is devoted to sustain the position, that the question of negligence in this case both as to the defendant and the plaintiff was a mixed question of law and fact, which should have been left to the jury to determine. He refers to *Johnson* v. *Railroad Co.*, 25 W. Va. 571; *Washington* v. *Railroad Co.*, 17 W. Va. 214; *Railroad Co.* v. *Stout*, 17 Wall. 657; *Tompkins* v. *Kanawha Board*, 21 W. Va. 224. The deduction to be drawn from the West Virginia cases is, that, if the case is such, that reasonable men unbiased and unprejudiced would be agreed concerning the presence or absence of due care, the court

would be quite justified in saying, that the law deduced the conclusion accordingly. If the facts are not ambiguous, and there is no room for two honest and apparently reasonable conclusions, the court should not be compelled to submit the question to a jury as one in dispute. But, if the case is not of this character, the question is a mixed question of law and fact, which should be submitted to the jury. This is the conclusion drawn by Judge Cooley from the decisions generally; and in *Johnson* v. *Railroad Co.*, 25 W. Va. 573, Judge Snyder shows, that the same conclusion is to be drawn from the West Virginia cases; and, it seems to me, he is clearly right.

Applying this law to the case before us, I regard the question as to negligence on the part of the defendant and contributory negligence on the part of the plaintiff's intestate as a mixed question of law and fact; for whether negligence does or does not exist depends largely in this case upon the character of the soil, in which the men were digging; and it is impossible to give to a jury by any mere declaration of ordinary witnesses a very definite idea of the character of the soil. It may be said to have in it gravel, sand and clay; but who can with any certainty say from anything deposed to in this case in what proportions these ingredients were present? and yet on this would largely depend the liability of the sides of the ditch to cave in and the degree of care, which ordinary prudence required to avoid such a result. This, it does not seem to me, the court ought to take upon itself to decide. It should be left to the jury to determine.

For this and other reasons, which might be assigned, regarding the question in this case as a mixed question of law and fact, I consider, that on a demurrer to evidence or on a motion by the defendant to exclude all the plaintiff's evidence the court should regard the defendant to be guilty of negligence, as the jury might not unreasonably come to this conclusion; and in this opinion I have regarded this as proven. But as the evidence, which shows, that the defendant was guilty of negligence, all tended equally to show, that the plaintiff's intestate was guilty of negligence, if the evidence had been given to the jury, and they had inferred therefrom, as they might have done, that the defendant was

guilty of negligence, they must have drawn from the same evidence the inference, that the plaintiff was guilty of contributory negligence; and in such case the plaintiff would have had no more right to recover, than if the jury had found the defendant not guilty of negligence. It hence follows, that if the jury had found a verdict for the plaintiff, the court on motion of the defendant would have had to set it aside and award a new trial, and that without acting at all upon the question, whether there was any negligence proven in the case, but simply because the evidence showed clearly, that if either party was guilty of negligence, both were, and therefore the plaintiff was not entitled to recover. This being the case, it is to my mind clear, that the defendant could have demurred to the plaintiff's evidence, and the court would have been compelled to sustain the demurrer; for without in the least encroaching upon the province of the jury the judge would have been obliged to decide, that the plaintiff had shown no cause of action, whatever inferences might be drawn from the evidence. And whenever a demurrer to the plaintiff's evidence would be sustained, the court should on motion exclude it from the jury.

It is claimed however by the plaintiff's counsel, that according to our practice the court ought never to exclude the plaintiff's evidence, except when there is a material variance between it and the declaration; and that, as the declaration in this case did not allege, that the plaintiff's intestate was not guilty of contributory negligence, the fact, that his evidence proved, that he was so guilty, is no ground for excluding all his evidence. To sustain this position counsel refer to *Snyder* v. *Railroad Co.*, 11 W. Va. 30. No motion to exclude the plaintiff's evidence was made in that case; but it was tried by the jury on instructions given by the court. Judge Haymond says on page 30:—"It is not necessary in a case of the character of this for the plaintiff to allege any matter or thing not essential for him to prove at the trial, in order to make out a *prima facie* case. And, I apprehend, it can not be successfully maintained, that, if the plaintiff proved his case, as stated in the declaration, he would not be entitled to recover, unless he also proved, that he had been guilty of no negligence, which contributed to

the injury complained of." This is unquestionably true; but that is a very forced construction of this language, which makes it mean, that, if the plaintiff proved his case as stated in the declaration, he would be entitled to recover, even though he proved himself to be guilty of contributory negligence. This to my mind is as clearly not law, as the proposition laid down by Judge Haymond is law. No other authority is referred to by the plaintiff's counsel to sustain their position, and, I think, none can be found.

The plaintiff's counsel complain of the exclusion of the deeds offered in evidence. They were obviously matter entirely foreign to the case and were properly excluded; but, if they had been admitted, they could not in the least degree have changed the case according to my understanding of it; and the plaintiff has no right to complain of their exclusion. It is obvious, that this point is not relied on in this court, as it was not argued.

For these reasons I am of opinion, that the judgment of the court below must be affirmed; and the defendant in error must recover of the plaintiff in error, to be paid out of the assets of her intestate, his costs in this court expended and thirty dollars damages.

AFFIRMED.