# CHARLESTON.

## KNIGHT v. COOPER et al.

Submitted January 22, 1892.—Decided March 19, 1892.

1. DAMAGES—MASTER AND SERVANT.

When a servant enters into the employment of a master he assumes all the ordinary hazards incident to the employment, whether the employment be dangerous or otherwise.

2. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

The test of liability is the negligence of the master, not the danger of the employment, though the danger of the employment may help to determine the ordinary care required in the case.

3. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

The mere fact of injury received by the servant raises no presumption of negligence on the part of the master.

4. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

When a servant willfully encounters dangers which are known to him, the master is not responsible for an injury occasioned thereby.

5. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

A servant having knowledge of danger about him must use diligence and care in protecting himself from harm.

6. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

A servant can not recover if his injury was the direct result of his own disobedience of orders.

7. DAMAGES—MASTER AND SERVANT—NEGLIGENCE.

When there is no evidence tending in any fairly appreciable degree to make out the plaintiff's case, the court on motion should instruct the jury to find for the defendant, first giving plaintiff an opportunity to suffer a nonsuit if he desires to do so.

*Johnston & Hale* for plaintiffs in error cited 34 W. Va. 501; 27 W. Va. 285; Beach Con. Neg. § 139; 33 W. Va. 135; 29 W. Va. 98; 84 Va. 642; 11 W. Va. 17; 28 W. Va. 732; 76 Pa. St. 389; 20 Minn. 9; 76 Me. 488; 103 Ia. 305; 68 Ga. 699; 117 U. S. 621; 12 Lea 386; 31 W. Va. 117; 84 Va. 642; 68 Me. 49.

*Henritze & Keller* for plaintiffs in error cited 34 W. Va.

500; 1 Law. Rights, Rem. & Prac. §§ 311–313; 31 W. Va. 143; 122 U. S. 189; 27 W. Va. 285; 33 W. Va. 135; 84 Va. 642; 29 W. Va. 98; 128 U. S. 91; 1 Shear. & Red. Neg. (4th. Ed.) § 207, and n.; Id. 203; 39 Ark. 17; 2 Greenl. Ev. (14th. Ed.) § 251; Acts 1891, chap. 100.

*O. Johnson* for defendants in error cited 27 W. Va. 285; 35 W. Va. 389; 31 W. Va. 142; 1 L. R. A. 819; 111 U. S. 549; 116 U. S. 529; 6 Pet. 629; 21 How. 88; 1 Black 533; 7 Wall. 565; 8 Wall. 27; 10 Wall. 91; 13 Wall. 270; 14 Wall. 120; 19 Wall. 433; 91 U. S. 596; 93 U. S. 291; 96 U. S. 693; 105 U. S. 52; 113 U. S. 594; 6 W. Va. 110; 16 W. Va. 307; 21 W. Va. 709; Id. 741; Id. 486; 30 W. Va. 27; 12 W. Va. 116; 21 W. Va. 704; 23 W. Va. 229.

HOLT, JUDGE:

On the 27th June, 1889, M. S. Knight was working as a miner in the coal mine of defendants, John Cooper & Co., in Mercer county, when he was hurt by a fall of slate. For this he brought suit—trespass on the case—against John Cooper & Co., in the Circuit Court of Mercer County, charging the injury as the result of their negligence. The issue was made up by the plea of "not guilty," and was tried by a jury on July 1, 1890. The jury brought in a verdict for plaintiff, assessing his damages at one thousand, six hundred and twenty five dollars. This the court set aside, and awarded a new trial. The issue was again tried by another jury on the 18th of March, 1891, again resulting in a verdict for plaintiff; this time for one thousand and seven hundred dollars damages. Again the defendants on various grounds moved the court to set aside the verdict and grant them a new trial. This time the court refused, and gave judgment for the damages found; and the case is now here for review on writ of error allowed defendants.

Plaintiff's declaration need not be given. It is sufficient, and the demurrer thereto was properly overruled. The governing facts, undisputed, and the ruling principles of law, well settled, are as follows: Plaintiff at his own repeated solicitation was given employment as a miner in that part of the work called "robbing the pillars," well

known to him and to all miners to be the most dangerous kind of mining, the pressure and squeeze upon the pillars causing the "working" and falling of slate from the roof; but at the same time it is the easiest and especially the most profitable kind.

"When a servant enters into the employment of a master he assumes all the ordinary risks incident to the employment, whether the employment be dangerous or otherwise." *Berns* v. *Coal Co.*, 27 W. Va. 285 ; *Davis* v. *Coke Co.*, 35 W. Va. 500 (12 S. E. Rep. 539); *Tuttle* v. *Railroad Co.*, 122 U. S. 189 (7 Sup. Ct. Rep. 1166.)

Plaintiff himself was well aware of the danger. He saw the fallen and falling slate. Moreover, the danger was pointed out to him, and he was warned and cautioned specially as well as required by the rule of the mine, which he knew, not to continue work, but to report it, and suspend work until props should be put up and the mine made safe by those who had that branch of the mining specially in charge. Plaintiff saw the fallen slate, and the "working" dripping slate overhead, ready at any moment also to fall. He reported it. The props were sent for at once, and were on their way—arrived in 10 minutes; but he, while they were coming, again went to work under the dangerous spot in the roof, when some slate fell on him, injuring him seriously, breaking his arm in two places.

"A laborer having knowledge of danger about him must use diligence and care in protecting himself from harm." *District of Columbia* v. *McElliott*, 117 U. S. 621 (6 Sup. Ct. Rep. 884). "When a servant willfully encounters dangers which have been pointed out to him, and does not avail himself of the rules and regulations, which the master has provided to avoid and avert such danger, the master is not responsible for an injury occasioned thereby." *Davis* v. *Coke Co.*, 34 W. Va. 500 (12 S. E. Rep. 539). "If a servant willfully encounters dangers which are known to him, or are notorious, the master is not reponsible for an injury occasioned thereby." *Berns* v. *Coal Co.*, 27 W. Va. 285 ; *Humphreys* v. *Newport News & M. V. Co.*, 33 W. Va. 135 (10 S. E. Rep. 39).

What was the evidence of negligence on the part of defendants? The mining boss was a man of twenty two years' experience as a practical coal miner. He refused to permit plaintiff to work at this dangerous part of the mining until he got another experienced miner to work with him, instructed him as to the rules of mining the pillars, among them the following: That when he saw the slate overhead working or falling, he was to stop work at that place, and report to him. The props were ready when called for, and men were employed whose sole business it was to lay track, bring props and put them up before any more work was done in that place. So that, instead of negligence on the part of defendants being shown by the testimony of any witness, the uncontrovertible evidence shows that the defendants had skilled and careful supervisors; had at hand the necessary appliances to make the roof safe and workmen whose business it was to put them up; and that the master provided generally for the safety of the servant, as far as could reasonably be expected, or "required under the circumstances." *Berns* v. *Coal Co.,* 27 W. Va. 285.

To give plaintiff damages in such a case would in effect make defendants liable as insurers of the miner from all accidents in any event, even though he should rashly expose himself to well-known danger. This is not the law, nor is it common fairness. To say that "robbing pillars" is dangerous, is only to say what all miners know, what plaintiff knew when he sought as a favor, and by preference obtained, work at this branch of the business, on account of its greater ease and greater profit, notwithstanding its greater danger.

But this is not the test of defendants' liability. Negligence of defendants is the one thing essential, and this is carefully and explicitly averred in plaintiff's declaration. But it must be proved as well as alleged in this class of cases and the mere fact of injury received raises no presumption of violated duty. The burden of proof is on the plaintiff. *Johnson* v. *Railroad Co.,* 25 W. Va. 570.

On the first trial plaintiff stated that he volunteered his assistance to the prop-setters to help clear away the fallen slate, that not being a part of his business. If, as he states

on the second trial, the clearing away of fallen slate for the setting up of props was one of the things he had to do as a miner, then that was one of the ordinary hazards incident to his dangerous employment. If it was not, then he volunteered his services, where no one had a right to demand them. I infer from the testimony that the miners sometimes—perhaps often—do this as matter of favor to the prop-setters, and in order to speed their own work, and not as a duty to the employers; and even in the latter case they rashly expose themselves to well-known dangers at their own risk and without right of compensation in damages, where the employer is not in fault; so that, in any event, this plaintiff can not charge the consequences of his own rash exposure to danger, such as he describes it, upon defendants, who had nothing to do with it directly or indirectly, and who were guilty of no breach of duty in that regard.

On motion of plaintiff the court gave three instructions. They need not be set out. In our view they were improperly given, for the reason that there was no evidence tending in any degree to establish the hypothetical fact on which they were based.

On behalf of defendants three instructions were given and three refused. They need not be considered.

But in lieu of all of them on both sides, and necessarily dispensing with them all, the court should have instructed the jury to return a verdict for defendants, first giving plaintiff an opportunity to suffer a nonsuit if he desired.

For these reasons the judgment complained of must be reversed, the verdict set aside, and a new trial awarded.

REVERSED.    REMANDED.