# CHARLESTON.

## MASSIE v. PEEL SPLINT COAL CO.

Submitted February 3, 1896—Decided March 18, 1896.

1. NEGLIGENCE—BURDEN OF PROOF—PROXIMATE CAUSE.
   In an action for injury resulting from the illegal negligence of the defendant, the burden of proof is on the plaintiff, and he must show that the negligence complained of was the proximate cause of the injury.

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.
   Where a servant willfully encounters a danger which is known to him, the master is not responsible for an injury occasioned thereby.

BROWN, JACKSON & KNIGHT for plaintiff in error, cited 33 W. Va. 135; 36 W. Va. 232; 27 W. Va. 145, 285; 29 W. Va. 98; 38 W. Va. 33, 207, 525; 66 Mich. 277; 28 W. Va. 732; 31 W. Va. 116.

OKEY JOHNSON, S. C. BURDETT, and WATTS & ASHBY for defendant in error, cited 27 W. Va. 285; 38 W. Va. 273; 28 W. Va. 732; 34 W. Va. 500, 513; 139 U. S. 551; 144

U. S. 408; 7 Wall. 565; 8 Wall. 27; 19 Wall. 433; 95 U. S. 161; 91 U. S. 596; 96 U. S. 258; 116 U. S. 529; 6 W. Va. 110; 16 W. Va. 307; 21 W. Va. 486, 709, 741; 26 W. Va. 116; 30 W. Va. 27; 12 W. Va. 116; 23 W. Va. 229; 36 W. Va. 232, 234.

HOLT, PRESIDENT:

Upon writ of error to a judgment of the Circuit Court of Kanawha county for nine hundred and fifty dollars rendered on the 26th day of May, 1894, in favor of Massie against the coal company, for the breaking of the plaintiff's leg by the falling of slate in the company's coal mine, averred to have been caused by its negligence in failing to furnish propping posts.

The facts are as follows : The plaintiff, C. M. Massie, was a coal miner of lifelong experience—forty five years of age. He worked as a miner for the coal company from April, 1892, until he was hurt, on the 10th day of December, 1892; having what is called a "helper" to help load coal, *etc.* On the morning of the 10th day of December, 1892, he made an undercut in the coal of about three feet, put in a blast at the top, and set it off, blowing the coal down. In about three-quarters of an hour after the smoke had got out he returned to his mine, and was testing the drawslate of the roof by tapping it with his pick about six or eight feet out from where he had put in the blast, when a piece of slate about four feet by six feet, several inches thick, fell on his legs, breaking one, and spraining both ankles, and hurting the right hip. Where the slate fell the coal had been down for some three or four days, and it was where he had intended to put posts. He had called for posts more than once during the preceding two or three days, but those agents whose duty it was to bring them to him from the outside, where they were in plenty, neglected to do so.

But all the witnesses, including the plaintiff, testify with unbroken unanimity that it was the duty of the plaintiff, after the blast, and before propping, to test the draw slate in the roof, and take it down where loose. This the plaintiff was doing when the accident happened, before the time

for putting up the posts had come; so that the record clearly shows, affirmatively, that there was no casual connection between the negligence of the defendant in not bringing in the posts, and the falling of the draw slate, which caused the injury.

We need not speculate as to what was the proximate cause of the accident—whether it was plaintiff's want of due care in taking his position when testing the draw slate by tapping it with his pick, or whether it was one of the unavoidable accidents incident to the dangers of the employment. It is enough to say that it clearly appears that it was not the result of the want of posts which were to be put up as props afterwards.

In his testimony the plaintiff says: "I knew my place was bad and needed timbering. I told the man I had with me—my helper, not a miner—that we would load one more car and go home; and while I was testing, to see if the draw slate was safe, it started, hitting the pick with which I was tapping it, and knocked my pick against me," thus showing that he had knowledge of the danger, and willfully encountered it, so that the defendant could not be held responsible for the injury occasioned thereby. See, *Berns* v. *Coal Co.*, 27 W. Va. 285; *Gerity's Adm'x* v. *Haley* 29 W. Va. 98, (11 S. E. 901); *Davis' Adm'r* v. *Coke Co.*, 34 W. Va. 500, (12 S. E. 539); *Humphreys* v. *Newport News & M. V. Co.*, 33 W. Va. 135, (10 S. E. 39); *Knight* v, *Cooper*, 36 W. Va. 232 (14 S. E. 999); *Johnson* v. *Railway Co.*, 38 W. Va. 206 (18 S. E. 573).

The burden of proof is on the plaintiff. He wholly fails to show that the alleged negligence of the defendant was the proximate cause of the injury, but does show that he willfully encountered a danger well known to him, which did cause the injury. The verdict of the jury is therefore wholly without evidence to support it.

As to the declaration, no omission is seen, or pointed out, so essential that judgment according to law and the very right of the cause could not have been given; so that the demurrer was properly overruled. We can not say there was error in refusing to give defendant's instruction No. 12, because the eleven instructions presumably given for de-

fendant are not in the record, and we can not tell to what extent they covered the same ground. As to instruction No. 6, based upon the case of *Downey* v. *Railroad Co.*, 28 W. Va. 732, we have already discussed the question of proximate cause, and think that the law is correctly laid down in that case, on page 737, where it is said : "The fact that one has carelessly put himself in a place of danger, is never an excuse for another purposely or recklessly injuring him. In such case it may be said that the negligence of the party injured in putting himself in a position of danger, was merely the condition or remote cause of the injury while the subsequently intervening negligence of the other party was the immediate or proximate cause."

For the reason given, the judgment and verdict are set aside, and a new trial is awarded.