# CHARLESTON.

REESE v. WHEELING & E. G. R. Co.

Submitted June 5, 1896—Decided Nov. 18, 1896.

1. MASTER AND SERVANT—ASSUMPTION OF RISKS.

When a servant enters into the employment of a master, he assumes all the ordinary hazards incident to the employment, whether the employment be dangerous or otherwise.

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

When a servant wilfully encounters dangers which are known to him, the master is not responsible for an injury occasioned thereby.

3. MASTER AND SERVANT—NOTICE OF PATENT RISKS—GUARANTY OF EMPLOYE'S SAFETY.

An employer does not impliedly guaranty the absolute safety of his employes. In accepting an employment, the latter is assumed to have notice of all patent risks incidental thereto, or of which he is informed, or of which it is his duty to inform himself; and he is also assumed to undertake to run such risks.

4. RAILROAD EMPLOYE'S VOLUNTARY RISKS—MASTER'S LIABILITY.

Where an employe of a railroad company is being carried on a construction train to his home from his work by the railroad company, without any agreement or compensation therefor, and voluntarily takes a position standing on a small truck which is being pushed forward by the engine, contrary to repeated warnings of those in charge of the train as to the danger of so doing, and he is injured by reason of the derailment of the truck, if his riding in that position is the proximate cause of his injury, the railroad company is not responsible for his injuries thereby occasioned.

5. INSTRUCTIONS—CONFLICTING INSTRUCTIONS.

Conflicting instructions, which are calculated to confuse and mislead the jury, should not be given.

H. M. RUSSELL and W. P. HUBBARD for plaintiff in error, cited 28 W. Va. 732; 34 W. Va. 692; 22 S. E. Rep. 833; 37

W. Va. 606, 180, 524; 41 W. Va. 620; 35 W. Va. 389; 17 W. Va. 706; 27 W. Va. 145, 155, 163; 31 W. Va. 120; 29 W. Va. 98; 146 U. S. 513; 149 U. S. 368; 34 W. Va. 681; 38 W. Va. 206; 41 W. Va. 293; 40 W. Va. 188.

EWING, MELVIN & EWING for defendant in error, cited 34 W. Va. 681; 35 W. Va. 389; 37 W. Va. 180.

ENGLISH, JUDGE:

On the 7th day of January, 1890, an action of trespass on the case was instituted in the Circuit Court of Ohio county by William L. Reese, an infant, who sued by his next friend, John M. Reese, against the Wheeling & Elm Grove Railroad Company, claiming fifteen thousand dollars damages for injuries received by the said William L. Reese, while acting as an employe of the said defendant, by reason of its negligence. A demurrer was interposed to the plaintiff's declaration, which was overruled, the defendant pleaded not guilty, and issue was thereon joined. An amended declaration was filed, to which the defendant demurred, which demurrer was overruled. The case was twice submitted to a jury without obtaining a verdict, and on the 16th day of April it was again submitted to a jury, and resulted in a verdict for the plaintiff for nine hundred dollars.

During the trial of the case before the jury, certain interrogatories were propounded to them, and answers returned thereto, which interrogatories and answers read as follows: "(1) Was the plaintiff, Reese, at the time of the accident, of sufficient age and intelligence to understand the circumstances in which he was placed, and to appreciate the danger of the employment in which he was engaged? Yes. (2) Was the accident caused by reason of a defect in defendant's railroad track? Yes. (3) If the accident was caused by reason of a defect in defendant's railroad track, did plaintiff know of such defect? No. (4) Was the plaintiff, Reese, negligent in riding upon the truck on which he was riding at the time of the accident? No. (5) Was the plaintiff, Reese, riding in a standing position upon the truck at the time of the accident? Yes. (6) If the plaintiff, Reese, was riding in a standing position on the truck at the time

of the accident, was it negligent in him to do so? No. (7) If the plaintiff, Reese, was negligent in riding on the truck, or in riding thereon in a standing posture, did the negligence contribute to or assist in producing the injury of which he complains? No. (8) Was the accident caused by a stone casually lying on the defendant's railroad track? No. (9) If the accident was caused by a stone lying casually on the track, was the defendant guilty of negligence in not having discovered and removed it before the accident? Yes. (10) Was the truck on which the plaintiff was riding at the time of the accident too light, or otherwise unfit, for the purpose for which it was used? Yes. (11) If the truck on which the plaintiff was riding was too light, or otherwise unfit, for the purpose for which it was used, did the plaintiff, Reese, know the character of the truck? No. (12) If the accident was caused by a defect in the defendant's railroad track, did the defendant and plaintiff both know of the defect? Yes. (13) If the accident was caused by a defect in the defendant's railroad track, and if the plaintiff and defendant both knew of the defect, did the defendant expressly or impliedly promise the plaintiff to repair such defect? No. (14) Did the negligence of the plaintiff, Reese, directly contribute to produce the injury of which he complains? No. (15) Was the plaintiff warned, at any time before the accident, not to ride on the truck on which he was riding when the accident occurred? Yes. (16) Was the fact that the plaintiff, Reese, was standing on the front truck, while it was in motion, at the time of the accident, negligence which directly contributed to the accident? No. (17) Was the accident caused by the negligence of the engineer who was in charge of the engine? No. (18) Was it negligence for the defendant to run its work train with the trucks in front of the engine? No. (19) If so, was the accident caused by that manner of running the train? No. (20) Did the plaintiff know that the defendant's work train had habitually been run in that manner? Yes.

Whereupon the defendant, by its attorneys, moved the court to set aside the verdict of the jury, and grant a new trial of the issue herein, because (1) certain matters of evidence were admitted against the objection of the defendant;

(2) certain other matters of evidence were excluded on objection or motion of the plaintiff, the defendant having excepted to such exclusion; (3) the motion made by the defendant to exclude the plaintiff's evidence should have been sustained; (4) the court erred in giving the instructions to the jury given at the instance of the plaintiff, in refusing to give certain instructions asked by the defendant, and in modifying certain of the instructions asked by the defendant; (5) the court erred in statements made during a conversation between the judge and the foreman of the jury; (6) the verdict is contrary to the law; (7) the verdict is contrary to the evidence; (8) the answers made by the jury to the particular questions of facts were conflicting and contradictory among themselves, and conflicting with the general verdict.   Which motion the court overruled.

The instructions given at the instance of the plaintiff, and the instructions asked by the defendant, read as follows:

Plaintiff's instruction No. 1:   "The jury are instructed that it is the duty of the railroad company, when it furnishes transportation to its employes in cars from one point of its road to another, to provide a reasonably well constructed and safe track, to furnish well constructed and safe cars for the use of such employes, and to exercise continued supervision over the same, and keep them in good and safe repair and condition; and if it fails to do so, and suffers its track or its cars from any cause to become dangerous and unsafe, and this condition is known to the company, or to any servant to whom it may have delegated the performance of these duties, or might have become known to it or to such servant by the exercise of reasonable care and diligence, and injury results to one of its servants, not having such delegated power, without fault on his part, while in the performance of his duty, the company is liable for damages."

Plaintiff's instruction No. 2:   "The court instructs the jury that although they may believe, from the evidence in this case, that the plaintiff, Reese, in going upon the truck car referred to in the evidence, and standing there, was guilty of negligence, and thereby contributed to the injury

which he received, yet if they believe, from the evidence in the case, that the defendant could, by the exercise of ordinary care and diligence, have avoided the injury to the plaintiff, and that the defendant did not use such ordinary care and diligence to avoid said injury, then the plaintiff's negligence will not exclude or relieve the defendant from liability."

Plaintiff's instruction No. 3: "The jury are instructed, upon the subject of contributory negligence, that although they may find, from the evidence, that the plaintiff was guilty of negligence, yet if the jury find that the injury would have happened just the same, although the plaintiff had been in no wise negligent, his negligence would not prevent his recovery; or if the defendant, after discovering the dangerous exposure of the plaintiff, refused or neglected to observe any care or precaution to prevent the injury, it will be held liable."

Plaintiff's instruction No. 4: "When the plaintiff entered into the employment of the defendant railroad company, he assumed all the ordinary and usual risks attending the employment, but does not assume the risk of negligence on the part of the company."

Plaintiff's instruction No. 5: "The jury are instructed that the defendant railroad company was bound to take all ordinary and reasonable precautions for the safety of the laborers employed by it on its tracks, including the plaintiff."

Plaintiff's instruction No. 6: "The jury are instructed that, in determining what would be negligence on the part of the plaintiff, they will consider how far the plaintiff had a right to rely upon the care and superior knowledge of the employer, and reference must be had to his means of knowledge of the structure or machinery and processes and work upon which he is employed; also, the fact that men whose business is the lowest form of human labor are not given to thought and reflection and foresight."

Plaintiff's instruction No. 7: "The jury are instructed that it is immaterial what was the custom of the defendant as to running its trains, unless such custom was brought to the knowledge of the plaintiff."

Plaintiff's instruction No. 8: "The jury are instructed

that, when a railroad company puts a foreman in charge of a gang of laborers, with power to discharge them, subject to the approval of the supervisor, and makes it his duty to see that these laborers faithfully perform their duty, such foreman must, in the performance of all his duties to these laborers under him, be regarded as the representative of the railroad company; and if, through his neglect of duty, one of these laborers, in the performance of his duty, without neglect on his part, is injured, such laborer may recover of the railroad company the damages he has sustained, caused by the negligence of such foreman."

Plaintiff's instruction No. 9: "The jury are instructed that, with respect to contributory negligence on the part of the plaintiff, the burden of proof is on the defendant."

Plaintiff's instruction No. 10: "The jury are instructed that, if they find the defendant guilty, they are, in estimating the damages, at liberty to consider the health and condition of the plaintiff before the injury complained of, as compared with his present condition in consequence of said injuries, and whether said injury is in its nature permanent, and how far said injury is calculated to disable the plaintiff from engaging in those pursuits and employments for which, in the absence of said injury, he would have been qualified, and also the physical and mental suffering to which he was subjected or may be subjected by reason of said injuries, and to allow such damages as, in the opinion of the jury, will be fair and just compensation for the injury which the plaintiff has sustained."

To the giving of each of these instructions the defendant objected, but the court overruled its objections, and gave the said instructions, and each of them, and the defendant excepted. The defendant then moved the court to give to the jury the following instructions:

Defendant's instruction A: "The jury in this case will return a verdict in favor of the defendant."

Defendant's instruction No. 1: "The burden is upon the plaintiff of proving, not only that the defendant was negligent, but also that its negligence contributed to the plaintiff's injury. If the jury believe, from the evidence, that there was negligence of the defendant which may not have

been instrumental in producing the injury, then, as to such negligence, the plaintiff has no right to recover. If, therefore, the jury believe that there were low joints in the defendant's track near the point where the accident occurred, but if they also believe that none of these low joints were instrumental in derailing the truck, or otherwise contributing to the injury, then the existence of such low joints would give the plaintiff no right to recover."

Defendant's instruction No. 2: "The jury are instructed that the mere fact that an injury was received by the plaintiff, Reese, raises no presumption of negligence on the part of the railroad company."

Defendant's instruction No. 3: "If the jury believe that the plaintiff, Reese, prior to the accident, was instructed by the defendant or its foreman not to ride upon the truck upon which he was riding, at the time of the accident, or not to ride upon the said truck in a standing posture, and if they further believe that the injury to him resulted from his disobedience of these orders, then he can not recover in this action."

Defendant's instruction No. 4: "If the jury believe, from the evidence, that the defendant's track, at the point where the accident occurred, was defective, and that the injury to the plaintiff resulted from that defect, those facts raise no presumption of negligence on the part of the railroad company. The plaintiff can not recover unless he proves, by a preponderance of the evidence, in addition to these facts—First, that the railroad company knew of such defect, or might have known it by the exercise of reasonable care; and, second, that the plaintiff, Reese, was himself ignorant of such defect, and had not equal means of knowing it. If, therefore, the jury believe that the defect existed, and that the railroad company knew of it, but if they further believe that the plaintiff, Reese, also knew of this defect, or had equal opportunities with the other servants, of the railroad company of knowing of it, the jury must find for the defendant."

Defendant's instruction No. 5: "If the jury believe, from the evidence, that the defendant habitually ran the train, composed of an engine and two trucks, on which the

plaintiff was riding at the time of the accident, with the trucks in front of the engine, and believe from the evidence, that the defendant was negligent in running the train in that manner; and if they further believe, from the evidence, that the plaintiff, Reese, knew that the train was habitually run in that manner, and knew that it was being so run at the time of the accident; and if they further believe, from the evidence, that the plaintiff, Reese, had not complained or objected with reference to that manner of running the said train, and that the defendant, the railroad company, had not promised to make any change in that manner of running the train—then the plaintiff can not recover in this action simply for the reason that the train was run in that manner at the time of the accident."

Defendant's instruction No. 6: "If the jury believe, from the evidence, that the truck on which the plaintiff was riding at the time of the accident was of insufficient weight, or was otherwise unsuitable for the purpose for which it was being used, and if they further believe that the defendant was negligent in using such truck for that purpose, yet if they also believe, from the evidence, that the plaintiff, Reese, knew, or had the means of knowing, the character of said truck, and that he did not complain of or object to the same, then he can not recover in this action upon the ground alone of any such insufficiency in the weight of the said truck, nor merely by reason of the fact that the said truck, was unsuitable for the purpose for which it was being used."

Defendant's instruction No. 7: "If the jury believe, from the evidence, that the plaintiff, Reese, was himself negligent, and that his negligence directly contributed to the injury of which he complains, then the jury must find for the defendant, although they may believe, from the evidence, that the defendant was also negligent."

Defendant's instruction No. 8: "If the jury believe, from the evidence, that the plaintiff, Reese, was, at the time of the accident, old enough and sufficiently intelligent to understand the circumstances in which he was placed, and to appreciate the danger of the employment in which he was engaged, then the fact that he had not arrived at the age

of twenty one years gave him no greater right, and imposed upon the defendant no other or greater duties or liabilities, than if the plaintiff had attained his majority."

Defendant's instruction No. 9: "If the jury believe, from the evidence, that it was dangerous for the plaintiff, Reese, to ride upon the truck on which he was riding when the accident occured, and dangerous for him to ride thereon in a standing position, and if they further believe that such danger was obvious to the plaintiff, and was understood and appreciated by him, the fact that the defendant's foreman may have seen the plaintiff, immediately prior to the accident, standing upon the said truck, and may not at that time have ordered or warned him not to ride thereon, gives the plaintiff no right to recover in this action because of such failure to so warn."

Defendant's instruction No. 10: "If the jury believe, from the evidence, that the defendant's track was defective, and that the accident resulted from such defect, and if they further believe that both the defendant and the plaintiff, Reese, knew of the defect, they must find for the defendant, unless they further believe, from the evidence, not merely that the plaintiff had ground to believe that the railroad company would immediately repair such defect, but also that the railroad company had made some promise, express or implied, to the plaintiff, Reese, that it would repair the said defect. If the plaintiff, Reese, continued, after knowledge of the defect, to work for the company as usual, without exacting from the company a promise to repair the said defect, he can not recover by —— of such defect."

Defendant's Instruction No. 11: "If the jury believe, from the evidence, that the accident in this case resulted from the fact that a stone was casually upon the defendant's railroad track at the time of the accident, the burden is on the plaintiff to show that the defendant was negligent with respect to such stone; and he can not recover without proving, by a preponderance of the evidence, either that the defendant knew that such stone was upon the track in time to have removed it before the accident, or that it might have had such knowledge if it had exer-

cised reasonable care in that regard, and, further, that the plaintiff, Reese, did not himself know that the said stone was upon the track in time to have avoided the accident, and did have not equal means of knowledge with the defendant."

Defendant's instruction No. 12: "If the jury believe, from the evidence, that it was dangerous for the plaintiff, Reese, to ride upon the truck on which he was riding when the accident occurred, and dangerous for him to ride there in a standing position, and if they further believe that such danger was obvious to the plaintiff, and was understood and appreciated by him, the fact that the defendant's foreman may at times have ridden in like manner upon said truck, and that the plaintiff may have seen him so riding thereon, gives the plaintiff no right to recover in this action."

Defendant's instruction No. 13: "Whether or not the defendant furnished and kept in repair reasonably suitable safe track and cars, the plaintiff is not relieved from the duty to heed reasonable precautionary warnings given for his safety, if there were such warnings so given, nor from the discharge of his duty to take care to protect himself from harm, and not wilfully encounter danger. And if the jury believe, from the evidence, that the plaintiff failed to heed such warnings, or to discharge such duty, and that such failure contributed to the injury, the jury must find for the defendant."

And the court gave to the jury, for the defendant, its said instructions Nos. 1, 2, 3, 5, 6, 8, 9, 11, and 12. The court refused to give the defendant's said instruction marked "A," and to this action of the court in refusing to give this instruction the defendant excepted. The court also refused to give, as presented, the defendant's said instructions 4, 7, 10, and 13, but gave the last mentioned four instructions, with modifications, in the form in which they hereinafter appear; and the defendant excepted to the refusal of the court to give the said instructions Nos. 4, 7, 10, and 13, without modifications, as presented and excepted to the making of the said modifications.

Instead of the said instruction No. 4, the court gave an

instruction in the following words: Instruction: "If the jury believe, from the evidence, that the defendant's track, at the point where the accident occurred, was defective, and that the injury to the plaintiff resulted from that defect, these facts, by themselves, do not raise a presumption of negligence. The plaintiff can not recover merely by reason of the defect, unless he proves, by a preponderance of the evidence, in addition to those facts—First, that the railroad company knew of such defect, or might have known it by the exercise of reasonable care; and second, that the plaintiff, Reese, was himself ignorant of such defect, and had not equal means of knowing it, or, knowing it, had, by the express or fairly implied promise of the defendant, reasonable grounds to believe the defect would be cured."

And instead of the said defendant's instruction No. 7, the court gave an instruction in the words and figures following: Instruction: "If the jury believe, from the evidence, that the plaintiff, Reese, was himself negligent, and that his negligence directly contributed to the injury of which he complains, then the jury must find for the defendant although they may believe, from the evidence, that the defendant was also negligent, unless the defendant, knowing the exposed condition of plaintiff, could have, by the exercise of ordinary care, prevented the injury complained of."

And instead of defendant's instruction No. 10, the court gave an instruction in the following words: Instruction: "If the jury believe, from the evidence, that the defendant's track was defective, and that the accident resulted from such defect, and if they further believe that both the defendant and the plaintiff, Reese, knew of the defect, they can not find for the plaintiff by reason simply of that defect, unless they further believe, from the evidence, not merely that the plaintiff had ground to believe that the railroad company would immediately repair such defect, but also that the railroad company had made some promise, express or fairly implied, to the plaintiff, Reese, from which he had reasonable ground to believe that it would repair the said defect."

And instead of defendant's instruction No. 13, the court

gave an instruction in the words following:   Instruction:
"Whether or not the defendant furnished and kept in re-
pair reasonably suitable and safe track and cars, the plain-
tiff is not relieved from the duty to heed reasonable pre-
cautionary warnings given for his safety, if there were such
warnings so given, nor from the discharge of his duty to
take care to protect himself from harm, and not wilfully
encounter danger; and if the jury believe, from the evi-
dence, that the plaintiff failed to heed such warnings, or to
discharge such duty, and that such failure contributed to
the injury, the jury must find for the defendant, unless they
find that the plaintiff could, by the use of ordinary care and
diligence, have prevented such injury."

No other instructions were given to the jury than those
hereinbefore stated to have been given.   In addition to the
questions which were submitted to the jury, and answered
by them, as in this record is before set forth, the defendant
also moved the court to submit to the jury, and require
them to answer, in addition to their general verdict, the fol-
lowing two questions:   "Question B.   If the accident was
caused by reason of a defect in the defendant's railroad
track, did the plaintiff have the means of knowing of such
defect?   Question C.   If the truck on which the plaintiff
was riding was too light, or otherwise unfit, for the purpose
for which it was used, did the plaintiff, Reese, have the
means of knowing the character of the truck?"   But the
court refused to submit to the jury, or require them to an-
swer, the two last mentioned questions, or either of them,
and the defendant again excepted.   A motion was made
by the defendant to set aside the verdict of the jury, and
award it a new trial, but the court overruled its said motion,
and refused to set aside said verdict, and the defendant ex-
cepted.   Judgment was rendered upon the verdict, and the
defendant applied for and obtained this writ of error.

The action of the court in overruling the defendant's de-
murrer to the original and amended declaration, while as-
signed as error, is not insisted upon in the argument; and,
as the amended declaration seems well enough, we must
consider the demurrer as waived.

The second error relied on by counsel for the plaintiff in

error is claimed to be in the action of the court in admitting
certain statements, made by the conductor of the train, as
to the character of the trucks, over the objection of defend-
ant's counsel.   A witness by the name of Mack was asked,
"Now, Mr. Mack, state, if you know, whether Mr. Palmer
(who was the conductor) had knowledge of the condition of
those trucks, and what knowledge he had of them."   And,
when asked what that knowledge was, commenced answer-
ing, "He told me that," when the defendant interposed an
objection, which was overruled, and the witness then stated,
"He knowed the little truck wasn't safe; he told me that it
was condemned—that the little truck was condemned."
Now, it is insisted by counsel for the defendant that Palm-
er was not the agent of the defendant to make such admis-
sions.   This we must regard as the statement of a fact, if he
knew the truck was not safe and had been condemned.   The
plaintiff, it appears to us, was entitled to prove those facts
by him, as he could by any other witness who had knowl-
edge of the facts; and, so far as the  safety of the truck was
concerned, Palmer made no secret of the fact that the small
truck was not safe to ride upon, and frequently warned the
plaintiff of the fact; and, in stating these facts, they would
be entitled to no  additional effect  or weight from the cir-
cumstance that Palmer was acting as conductor of the train,
for the reason that his testimony in regard  to these facts
can in no way be regarded  as admissions of  the company,
but as the testimony of said Palmer as an individual.

The next assignment of error relied on relates to the act-
ion of the court in overruling the defendant's motion to ex-
clude the plaintiff's evidence, which was made when the
plaintiff rested his case.   It appears however, that, as soon
as this motion was overruled, the  defendant  proceeded to
introduce its testimony, which was heard by the jury.   When
a defendant pursues this course, he is deemed to have waived
his motion to strike  out the  plaintiff's evidence; and  this
Court has held, in  the case of  *Core* v.  *Railroad Co.*, 38  W.
Va. 456 (18 S. E. 596) that, "if the defendant, after the
court has overruled its motion to exclude the plaintiff's evi-
dence on the ground of insufficiency, proceeds  with its de-
fense, and introduces its evidence, this Court will disregard

44

such motion, and will not reverse the judgment, unless it appears that the whole evidence is insufficient to justify the verdict of the jury." The question as to whether the entire evidence was insufficient to warrant the verdict of the jury will arise later, when we consider the action of the court in refusing to sustain the motion to set aside the verdict of the jury.

The next assignment of error claims that the court erred in refusing to give certain instructions asked on behalf of the defendant, and in modifying certain other instructions asked on behalf of the defendant, and also erred in giving certain instructions asked on behalf of the plaintiff.

It is contended that the court erred in giving the plaintiff's instruction No. 8 to the jury, and in this it appears to me that counsel for the plaintiff in error is correct. A brief reference to the testimony in the cause will show that, at the time the accident occurred which resulted in the injury complained of, the plaintiff was not engaged in the performance of any duty under the supervision of the foreman, Palmer. On the contrary, the day's work was done, and, as appears from the testimony of Reese himself, the hands were returning home, riding on the engine and trucks— some getting off at one place, and some at another, on their way to their respective homes; and the plaintiff, Reese, not being in the act of performing any duty for the defendant, either with or without the supervision of said Palmer, at the time he received his injury, it was error to instruct the jury, in the language of said eighth instruction, that, "if, through his (Palmer's) neglect of duty, one of these laborers, in the performance of his duty, without neglect on his part, is injured, such laborer may recover," *etc.*, there being no evidence tending to show that the plaintiff was performing any duty under the supervision of said Palmer at the time of the accident.

It is urged by counsel for the defendant in error that the plaintiff was a common laborer, under the immediate supervision of the foreman, and that he was standing on the truck, riding home, without protest on the part of the foreman, and this, it is contended, constituted negligence on the part of the defendant. The testimony, however,

clearly shows that the plaintiff had been repeatedly warned of the  danger in riding on  these trucks, and the  fact that the warning was not repeated a moment before the accident can not be  attributed  to the defendant  as negligence, and the court properly instructed the  jury to  that effect, in instruction No.  9 asked for by the defendant; and, if  the failure to warn  the plaintiff  of his  danger was the  only negligence relied on by the plaintiff to entitle him to recover, said instruction No. 8, asked for and given for the plaintiff, and instruction No.  9,  given at  the instance of  the defendant, were contradictory, and calculated to mislead the jury, and therefore erroneous.   See *McMechen* v. *McMechen*, 17 W. Va. 684 (twelfth point of syllabus); *Eastburn* v. *Railroad Co.* 34 W. Va. 692 (12 S. E. 819).   The rule, as stated by this Court in the case of *Gregory's Adm'r* v. *Railroad Co.* 37 W. Va. 606  (16 S. E. 819) (third point of syllabus) correctly propounds the law on this point, where it held that "the test of liability of a  principal or master for the torts of his agent or servant is whether  the  latter was at the time acting within the scope of his authority  in the business of the principal or master, and  not  whether  the act was done in accordance with his instructions.  If such act be done within the scope of authority, and while the agent or servant is engaged in his employer's business, the latter is bound for it."  In  the  case  under  consideration,  the  defendant, through its agents, time and again warned the plaintiff and those employed with him of  the danger of  riding on these trucks, and, besides, we must presume that the plaintiff was a man of ordinary intelligence, capable of  looking and determining for  himself  whether there was danger in standing and riding upon a flat car or truck of the dimensions of the one used  by the defendant.   So, in the case of *Massie* v. *Coal Co.* (decided  by this Court  at  the spring-special term, 1896, and found in the Southeastern Reporter of May 19, 1896) 41 W. Va. 620 (24 S. E. 644) it was held that, in an injury resulting  from  the  illegal  negligence  of  the defendant, the burden of proof is on the plaintiff, and he must show that the negligence complained of was the proximate cause of the injury, "and  that, where a servant wilfully encounters a danger  which  is  known  to  him, the master is not responsible for an injury occasioned thereby."

The plaintiff in this case went upon the truck, and stood there while the car was in motion, against the repeated remonstrances of the defendant's agents. What more could they have done? There is no evidence tending to show that the defendant was wanting in ordinary care towards the plaintiff, and yet, in instruction No. 2 asked by the plaintiff, the court instructed the jury that, although they might believe the plaintiff, in going upon the truck car, and standing there, was guilty of negligence, and thereby contributed to the injury which he received, yet if they believe, from the evidence in the case, that the defendant could, by the exercise of ordinary care and diligence, have avoided the injury to the plaintiff, and that the defendant did not use such ordinary care and diligence to avoid said injury, then the plaintiff's negligence will not relieve the defendant from liability. This instruction we regard as erroneous for the reason that there was no evidence tending to show such want of care and diligence, and for the further reason that the danger was apparent to the plaintiff, and was willfully encountered by him.

It is further urged by counsel for plaintiff in error that instruction No. 6, given at the instance of the plaintiff, was erroneous, because it told the jury, as a matter of fact, that men whose business is the lowest form of human labor are not given to thought, reflection, and foresight, and that, in determining what would be negligence on the part of the plaintiff, they would consider how far the plaintiff had a right to rely upon the care and superior knowledge of the employer, and reference must be had to his means of knowledge of the structure or machinery and processes and work upon which he is employed. Now, it does not appear that the employer, in this instance, had or could have had any superior knowledge to that of the plaintiff in regard to the structure of this truck. It appears to have been a platform with four wheels under it, and nothing intricate about it— nothing which would require superior knowledge, thought, reflection, or foresight to understand the manner in which it was drawn back and forth by the engine. The plaintiff had been assisting in the use of it day after day, and, without the warning which was repeatedly given him, should

have known that it was dangerous to stand upon this truck while the car was in motion. If he disregarded the warnings given him by the agents of the defendant, they could not be expected to go to him and protect him from falling. The instruction tells the jury that the plaintiff's business being the lowest form of human labor, and he not being given to thought, reflection, and foresight, they would consider how far the plaintiff had a right to rely upon the care and superior knowledge of the employer in determining the question of negligence. This was surely erroneous and misleading, when the evidence clearly shows that the plaintiff utterly disregarded the warnings of the defendant's agent.

As to instructions 4, 7, 10, and 13, asked for by the defendant and refused by the court, so far as they relate to the low joint or defect in the defendant's track, I do not regard these instructions as material, for the reason that it does not appear affirmatively, from the evidence, that the accident was occasioned by the defect or low joint on the left hand or lower side of the track coming from Leatherwood Bridge towards Wheeling; but, on the contrary, it appears from the testimony of George M. Jacobs (page 65 of the printed record) that the first truck, on which the plaintiff was standing at the time of the accident, had passed the first and second joints after leaving the bridge, and was in the middle of the rail on the lower or left hand side, at the time the accident occurred.

As to the action of the court in refusing to give instruction A, asked for by the defendant and refused by the court, which prayed that the jury in this case should be instructed to return a verdict in favor of the defendant, the refusal of this instruction and the action of the court in overruling the motion of the defendant to set aside the verdict and grant it a new trial may be considered together, as they involve the same questions of law and fact; and in my opinion the court was acting under a misapprehension of the law applicable to the facts in this case when it refused said instruction and overruled said motion. In the case of *Skidmore* v. *Railroad Co.* 41 W. Va. 293 (23 S. E. 714) it was held that, where a foreman and his assist-

ants have equal knowledge of the danger accompanying an act about to be done, even if the foreman requests the performance and injury ensues to the assistant, the employer can not be made liable. Notwithstanding the request, the assistant can comply or not, as he chooses; and, if he does comply, he takes his chances of the perils surrounding the situation. It is only when a servant is ignorant of the impending danger, and the employer is not, and the employer fails to warn the servant of such danger, that the master's liability attaches. When one enters upon a service, he assumes to understand it, and takes all the ordinary risks that are incident to the employment; and where the employment presents special features of danger, which are plain and obvious, he also assumes the risk of these. Now, in the case under consideration, there is nothing in the evidence to show that the low joint in the railroad was the proximate cause of the injury complained of. On the contrary it appears that the truck was not derailed on the side of the track on which the low joint was, but that it ran off on the opposite side of the road. The plaintiff, as we have seen, was a young man of ordinary intelligence, was well acquainted with the trucks in question, had been using them day after day, and on the day he received the injury had made ten trips with them over the railroad. In the case of *Sweeney* v. *Envelope Co.* 101 N. Y. 520 (5 N. E. 358) it is held that "a servant accepts the service subject to the risks incident to it; and where, when he enters into the employment, the machinery and implements used in the masters business are of a certain kind or condition, and the servant knows it, he voluntarily takes the risks resulting from their use, and can make no claim upon the master to furnish other or different safeguards." This decision, as I think, states the law correctly, and applies to this case. Again, in the case of *Downey* v. *Railway Co.* 28 W. Va. 732, which was a suit brought by one of the employes of said company against it for injuries received while riding on the pilot of the engine going from the machine shops to his home, and injured by a collision with another train, it was held, syllabus No. 3: "In such case, if the fault of negligence of the plaintiff was the proximate cause of the injury,

the defendant is not responsible, although it may have been negligent, and the remote cause of the injury." No. 5: "If the passenger rides where he has no right to ride by the rules of the company, or in a place of great danger, as on the top of the car, or cowcatcher or pilot of the engine, where no man of ordinary prudence would attempt to ride, the mere knowledge or consent of the conductor or trainman to his riding there will not entitle the plaintiff to any greater rights against the company, on account of any injury received by him while so riding than if the conductor and trainmen had been wholly ignorant that he was so riding." No. 6: "Where a railroad company is in the habit of carrying its shopmen to and from their work as a matter of accommodation, and without any agreement or compensation therefor, if its train is so crowded that one of said shopmen can not get a seat in the cars, that fact will not justify him in sitting on the pilot of the engine; and, if he does improperly do so, it is his duty to leave the pilot and go into the cars at the first opportunity." The case, also, of *Stewart* v. *Railroad Co.* is very similar to the one under consideration, as the facts upon which damage was claimed by an employe, which case is reported in 40 W. Va. 188 (20 S. E. 922) in which it was held: "1. When a servant enters into the employment of a master he assumes all ordinary hazards incident to the employment, whether the employment be dangerous or otherwise." "4: When a servant willfully encounters dangers which are known to him, the master is not responsible for an injury occasioned thereby." "6. An employer does not impliedly guaranty the absolute safety of his employes. In accepting an employment the latter is assumed to have notice of all patent risks incidental thereto, or of which he is informed, or of which it is his duty to inform himself, and he is further assumed to undertake to run such risks."

The findings of the jury in response to the interrogatories propounded were inconsistent and contradictory. For instance, in response to No. 3, which asked, "If the accident was caused by reason of a defect in defendant's railroad track, did plaintiff know of such defect?" they answered, "No." In response to interrogatory 12, which asked,

"If the accident was caused by a defect in the defendant's railroad track, did the defendant and plaintiff both know of the defect?" they answered, "Yes." In answer to No. 8, they found that the accident was not caused by a stone lying on the railroad track, and in answer to No. 9 they found that, "if the accident was caused by a stone lying casually on the track, the defendant was not guilty of negligence in not having discovered it and removed it before the accident." In view, then, of the fact that the instructions given by the court were in several respects calculated to mislead the jury, the findings in the response to the special interrogatories were in some instances inconsistent and contradictory, and the verdict of the jury was not warranted by the facts proven in the case, when examined in the light of the decisions and legal principles above quoted.

My conclusion is that the court erred in overruling the motion of the defendant to set aside the verdict and grant it a new trial. The verdict must be set aside, the judgment reversed, and a new trial awarded, with costs to the plaintiff in error.