# CHARLESTON.

### COCHRAN *v.* SHANAHAN, STULL & AYRES.

Submitted January 23, 1902. Decided March 15, 1902.

1. FELLOW SERVANTS.

The law of fellow servants, as enunciated in *Jackson* v. *Railway Company*, 43 W. Va. 380, approved and applied. (p. 139).

2. NEGLIGENCE OF FELLOW SERVANTS—*Evidence.*

An employe of a firm, engaged in the opening of a tunnel for a railroad, was directed by the foremen of the employers to swab out drill holes with a wooden stick. After swabbing out fifty or more holes and finding one which was obstructed, he was required by the foreman to take a steel drill and open the obstructed holes. While doing so, under the direction of one of the foremen who stood by and gave instructions, an explosion occurred in the hole which wholly destroyed one of the employe's eyes and seriously impaired the other. There was no evidence that the firm had failed to perform any of the duties imposed by law upon masters for the protection of their servants, such as providing a safe place to work, suitable tools, machinery and appliances to work with, competent servants and proper rules for conducting the business, nor was the cause of the explosion shown. The court sustained the motion to exclude the evidence after giving the plaintiff an opportunity to take a non-suit. *Held*: That the evidence was insufficient to sustain a verdict and was properly excluded by the court. (p. 140).

Error to Circuit Court, Greenbrier County.

Action by J. R. Cochran against Shanahan and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

GILMER & GILMER, for plaintiff in error.

WILLIAMS & DICE, for defendants in error.

POFFENBARGER, JUDGE:

This case is here on a writ of error to a judgment of the circuit court of Greenbrier County. The defendants, Shanahan, Ayres and Stull, in February, 1900, were engaged in the excavation and construction of a tunnel on a line of the Greenbrier Railroad in said county and the plaintiff Cochran, an employe of theirs, was injured by an explosion from a hole drilled in the rock, and brought this suit for damages, alleging that his injuries were the result of the negligence of the defendants in the premises, and upon a trial the court excluded the plaintiff's evidence and directed a verdict for the defendants. Hence, it is necessary to a proper understanding of the case that the substance of the evidence be given here.

The plaintiff was about twenty-seven years old and began work on February 5, 1900, and was injured on the morning of the 6th, having worked only about three-fourths of a day. He was employed to work in what was called the mucking crew, whose duty it was to remove dirt, rock and other material as dug or blasted down. For a while he worked with pick and shovel and then the foreman of his crew sent him to another crew engaged in drilling and blasting, where Mr. Stull, who seems to have had general supervision of the work, being what was called the walking boss, put him to swabbing out drill holes with a wooden stick. After he had cleaned out a great many holes, probably fifty, and found two which were obstructed, Stull, the walking boss, and Bulger, the foreman of the drilling and blasting crew, directed him to take a steel drill and open the obstructed holes. Stull's attention was called to both of the holes and he directed Cochran, the plaintiff, to leave them and wait for the steel drill. After the drill was brought, plaintiff resumed work with it on one of the obstructed holes, Bulger standing by and giving instructions. The method of blasting there was by the use of dynamite and it was exploded by means of electric exploders, the exploder being attached to a stick of dynamite down in the hole, and a wire extended from the dynamite out of the opening and was connected with electrical apparatus. No wire protruded from the hole in question and there was nothing about it to indicate that it had been loaded. The hole was about three and one-half or four feet deep and the obstruction was first found at about six or eight inches from the

top. The plaintiff moved it some with his swabbing stick. Then he began to work on it with the drill and having driven it down to the depth of about 18 inches an explosion occurred which injured him. It hurt his face considerably, he says, and practically destroyed both of his eyes. One of them had to be removed and the other was impaired to such an extent that at the time of the trial, the plaintiff could distinguish between light and darkness, but was unable to distinguish persons or objects. The force of the explosion was not sufficient, it seems, to knock him down and there is no evidence as to what its effect was upon the rock in which the hole was drilled. As to whether the obstruction was a piece of dynamite or whether one of the electric exploders constituted part of the obstruction or whether the hole had been loaded as one of a series of holes for explosion and had failed to go off, the evidence is wholly silent. The plaintiff does not know what the cause of the explosion was. One of the exploders might have inflicted the injury as the evidence shows that its lifting power is ninety pounds. The evidence of the plaintiff tends to show further that Bulger, the man who was standing by and giving him instructions, was the man whose business it was to load the holes for explosion, for he says he had assisted Bulger in loading some holes and that the latter had loaded holes. Another fact upon which the plaintiff relies is that A. M. Stull, one of the defendants, stated in the presence of Mrs. Newcomer that they had had two accidents during the progress of the work and that in that conversation, he said "One man had had his leg broken and that wasn't their fault." Mr. Stull, who seems to have had general oversight of the work, and who is mentioned in the testimony as the walking boss, was not the defendant Stull.

As nothing appears in the evidence from which it can be inferred that the injury to the plaintiff resulted from the failure of the defendants to perform any of the duties which the law imposes upon a master in respect to furnishing a safe place in which the servant is to work, proper appliances and machinery with which to work, suitable and competent servants by whom he is to be surrounded and to whose acts he is to be exposed, and proper rules and regulations under which the work is to be carried on, the law applicable to fellow servants, so exhaustively discussed and clearly defined by JUDGE BRANNON in the case of *Jackson* v. *N. & W. Ry. Co.*, 43 W. Va. 380, governs this case.

It is well settled by numerous cases that an employer is not an insurer of the safety of his employe and also that where a person enters upon a work of dangerous character he assumes all the ordinary hazards incident to the employment. *Knight* v. *Cooper*, 36 W. Va. 232. In entering upon the work the plaintiff knew its dangerous character. It was under ground and involved the more or less dangerous use of high explosives in the breaking and detaching of rock and earth in the excavation of the tunnel. There is nothing in the evidence which tends to show that the defendants failed to provide any appliances which were necessary to the prosecution of the work, or that any of the appliances so furnished were unsuitable or unsafe, or that the men who were employed by them to superintend the work of drilling and blasting were not competent. In this connection all that can be reasonably inferred from the evidence is that by some negligence of Bulger, Stull or some other fellow servant of the plaintiff, a piece of dynamite or other explosive substance got into and obstructed the hole in which the plaintiff was working under the direction of Stull and Bulger. For the negligence of the plaintiff's fellow servants, although they were foremen and had a sort of authority over the plaintiff, the defendants are not liable and cannot be held responsible. They were all engaged in the prosecution of a common work or enterprise and the injury, so far as the evidence shows, resulted from the work of operation and not from the unsafety of the place in which they were working or of the tools and machinery with which they were performing the work. The only ground upon which the defendants can be held for the result of the acts of the plaintiff's co-workers is that they were incompetent and that the defendants were negligent and careless and failed to exercise due care in their selection and employment. To hold otherwise would be to repudiate and discard in its entirety the law of fellow servantcy which is now almost universally enforced by the courts. Neither the want of such care and diligence on the part of the defendants nor incompetency on the part of Bulger and Stull or any other co-worker of the plaintiff can be inferred from the fact that the plaintiff was injured in the manner shown by the testimony. Such presumption would also effectually do away with the doctrine of fellow servantcy. The evidence stops far short of indicating any act of negligence by commission or omission on the part of the defendants, although it might be

sufficient to fix upon some of the plaintiff's co-workers the charge of negligence. That is not enough to support a verdict. He must go further and trace the cause of his injury to the fault of the defendants. *Gerity's Adm'x* v. *Hailey*, 29 W. Va. 98. Having failed in this respect, a verdict for the plaintiff would have been unsustained by the evidence, and the court properly excluded the evidence from the jury and directed a verdict for the defendants, after giving the plaintiff an opportunity to take a non-suit. Hence, the judgment must be affirmed.

*Affirmed.*