## Richmond.

## WHITE v. NEWPORT NEWS SHIPBUILDING & DRY DOCK COMPANY.

### DECEMBER 2, 1897.

1. MASTER AND SERVANT—*Contributory Negligence—Use of Appliances Known to be Defective—Case at Bar.*—Generally any negligence of the employee amounting to the want of ordinary care will defeat an action against the master, and when a servant wilfully encounters a danger known to him, or performs a service with an instrumentality so obviously dangerous that a man of common prudence would refuse to use it, the master is not liable for the resulting damage. In the case at bar the injury resulted from the use of unsuitable appliances when suitable appliances furnished by the master were within easy reach, and the servant occupied a place of danger knowing that unsuitable appliances were being used, without giving information thereof to the foreman, and without remonstrance.

2. MASTER AND SERVANT—*Contributory Negligence—Unsuitable Appliances—Improper Adjustments.*—A servant who knows that unsuitable appliances are being used to do the master's work, or that the appliances have not been properly adjusted, and also knows that his foreman is ignorant of the fact, is guilty of inexcusable negligence to proceed with the work without informing his foreman thereof, and cannot recover of the master for personal injuries resulting from the use of such appliances, or their improper adjustment.

Error to a judgment of the Circuit Court of Warwick county rendered September 7, 1895, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Isaac Diggs* and *H. R. Pollard,* for the plaintiff in error.

*Arthur S. Segar* and *Bickford & Stuart,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

There having been two trials of this case, we must look first to the evidence and proceedings on the first trial and determine whether there was any error in setting aside the verdict then found, for if there was, all proceedings subsequent to that verdict must be set aside and annulled, and judgment entered thereon.

On the occasion in question, the plaintiff was one of a gang of laborers known as riggers, engaged in lifting the stern-post of the steamer "New York" from a truck to a flat car, upon which it was to be carried to the dry dock, to be fitted to its place in the steamer. The stern-post, which weighed about 3,600 pounds, was placed beneath a hydraulic crane, by means of which it was to be lifted to the car. Around it had been fastened what is known as a four-legged chain, the legs of which were fastened at one end in a common ring, and the lifting was done by placing this ring in a hook attached to the arm of the crane. John Thomas, a fellow-workman of the plaintiff, took his position on the top of the truck for the purpose of placing the ring in the hook, while the plaintiff and another fellow-workman took their positions below Thomas, under the arm of the crane, for the purpose of lifting the ring up to Thomas. This being done, the plaintiff retired to a place of safety, and the process of lifting began, when, it appearing that the stern-post was being unevenly raised, the foreman ordered the plaintiff to bear down upon it in a way to remedy that difficulty. The plaintiff returned to do this, and while thus engaged the hook broke, and the stern-post falling, caught the leg of the plaintiff, crushing it so badly as to make amputation necessary.

The declaration avers, and the evidence clearly shows, that the accident was the result of an imperfect or improper adjustment between the ring and the hook. It is not averred in the pleadings, nor is there any proof tending to show, that there was any defect in the hook or other appliances used. It is, however, alleged and proven that the hook was too small to receive the ring, by reason of which the ring failed to go down to the bottom of the hook, but caught in the bend before it reached the bottom, so that the weight of the stern-post prized the hook open, causing it to straighten and break.

The plaintiff admits that when the adjustment was made, he heard Thomas "sing out to the foreman that the hook was too small for the ring," and the evidence shows that under such circumstances the work could not be executed with safety. It further appears that the foreman did not hear what Thomas said, and did not know of the misadjustment of the ring to the hook. It also appears that there were a number of hooks of different sizes easily accessible to these employees, and that one of proper size was gotten immediately upon the happening of the accident, by which the stern-post was raised safely and without difficulty.

It is unnecessary to consider whether the foreman of this gang and the plaintiff were fellow-servants or not, for if the relation between them was that of master and servant, the plaintiff was guilty of such contributory negligence as to absolutely defeat his right to recover.

In general, any negligence of the employee amounting to the want of ordinary care will defeat an action against the master; and when a servant wilfully encounters a danger known to him, or performs a service with an instrumentality so obviously dangerous that a man of common prudence would refuse to use it, the master cannot be liable for the resulting damage. *Darracott* v. *Ches. & Ohio R. Co.*, 83 Va. 288; *Massie* v. *Splint Co.*, 41 W. Va. 620; *N. & W. R. Co.* v. *Ampey*, 93 Va. 108.

In the case at bar, the plaintiff is shown to have been an in-

telligent and experienced employee, who knowingly assisted in making an improper adjustment of appliances, when suitable appliances for a safe and proper adjustment, furnished by the master, were within his easy reach. He is further shown to have retired to a place of safety, and afterwards, at the command of the foreman, who was ignorant of the fact that unsuitable appliances had been employed for the work, to have returned to the place of danger, to bear down on the stern-post, with a full knowledge that a ring too large for the hook had been used, and without one word of warning or protest to the foreman.

It is contended that it was the duty of the foreman to inspect the adjustment between the ring and the hook, and to see that it was in proper working order. Upon this point the evidence is conflicting. Granting, however, that this was the foreman's duty, it is manifest from the evidence that the plaintiff knew the duty had not been performed, and knowing that fact, it was inexcusable negligence on his part to proceed with the work without informing the foreman that the appliances were improperly adjusted.

Upon the whole case, it is clear that if the plaintiff had exercised ordinary care and prudence he would have escaped; that his own gross negligence directly contributed to his misfortune, and therefore, upon well settled principles, the defendant cannot be held responsible for the resulting damage.

It is unnecessary to consider other grounds urged in support of the court's action in setting aside the verdict. It is sufficient to rest our affirmance of that action upon the ground that the verdict was plainly contrary to the law and the evidence.

Upon the second trial but one witness was introduced, who wholly failed to make out the plaintiff's case. There was no evidence as to the cause of the accident, and no proof of any negligence whatever on the part of the defendant, and upon a demurrer to the evidence judgment was given for the defendant. In this action of the court there was no error, and its judgment must be affirmed.

*Affirmed.*