IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA

Richmond.

## FEWELL v. SOUTHERN RAILWAY COMPANY.

February 2, 1906.

1. RAILROADS—*Negligence—Injury to Servant—Defective Appliance—Selection by Servant.*—A depot hand injured in consequence of a defect in a board provided by a railroad company over which he has to run a truck in removing freight from a car to the platform cannot recover of the company, where it appears that he was one of a gang of hands engaged in such trucking, and that it was his duty, or the duty of one of his fellow servants, to select the board and put it in place, that an abundant supply of good boards were always kept on hand by the company, readily accessible to the truckmen for whose use they were intended, that there was a supply of such good boards at hand on the morning of the accident, and that the injury complained of was due to the negligence of the plaintiff, or of his fellow servants, in selecting for their use a defective board.

Error to a judgment of the Corporation Court of the city of Alexandria, in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

VOL. CV—1

The opinion states the case.

*John M. Johnson,* for the plaintiff in error.

*C. C. Carlin,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for an injury alleged to have been received by the plaintiff in consequence of the negligence of the defendant company. Judgment was given in favor of the defendant upon its demurrer to the evidence, and this action of the Corporation Court is alone called in question by this writ of error.

The evidence tends to show that the plaintiff was one of a crew or gang of truckmen in the employment of the defendant, whose duty it was to load and unload freight cars; that at the Alexandria station of the defendant company there are several tracks lying parallel with each other, upon which the cars stand about three feet apart; that the nearest car is within three feet of the platform, and that the method of unloading the cars is by means of boards about four feet long and three feet wide, covering the space from one car to the other, for the trucks to pass over, the space between the last car and the platform being covered by a similar board; that when a car contains freight which can be passed over, the custom is to bridge such freight with the boards already mentioned and pull the trucks over the bridge thus constructed; that on the morning of the accident in question, the plaintiff was engaged in unloading cars; that in the car next to the platform there was a pile of long heavy iron pipes, about two feet high; that this pile of pipes was bridged, as already indicated, which made an ascent on one side and a

descent on the other. The evidence further tends to show that the board extending from the car to the platform was defective in having a piece about six inches square "chipped" out of one corner of the end resting upon the car; and that the construction of the bridge over the pile of pipes in the car gave the truck such momentum in coming down the incline of the bridge that the plaintiff could not properly control or direct it; and that the truck struck the board at the defective corner, knocking it from its position, and causing the truck to fall to the ground and the plaintiff to fall on the platform, receiving in some way the injury complained of. The evidence further tends to show that there was a large number of these boards scattered about in different places over the platform for the use of the truckmen in loading and unloading cars; that it was the duty of the truckmen to select the boards they were about to use, and to place the same in proper position; and that it was the right and duty of the truckmen, if they found a defective board in use, to discard it and substitute one that was sound. The evidence further tends to show that sound boards were easily accessible to the truckmen, and that immediately after this accident, before the work was proceeded with further, a sound board was put in the place of the one that was defective.

This is the plaintiff's case, as made by his own evidence, and there are no reasonable inferences that could be drawn from any evidence in the case which would add anything to its strength.

The contention of the plaintiff is that the accident which caused his injury was due to the defective board over which his truck had to run from the car to the platform, which defect caused the board to give way when struck by the truck, which was accelerated in speed by the momentum received in coming down the incline of the bridge over the iron pipes.

Admitting the theory of the plaintiff to be true, and that the defective board caused the accident, the question then arises, Who is responsible for the use of this defective board?

The accident occurred since the adoption of the present Constitution, but it is conceded, both in the petition for a writ of error and in oral argument at bar, that the plaintiff does not come within any of the provisions, with respect to fellow-servants, to be found in section·162 of that instrument.

The evidence does not show which one of the crew, to which the plaintiff belonged, selected and placed the defective board in position, but it does abundantly show that it was the duty of the plaintiff and his fellow-servants to select the board and put it in position for use. The evidence· shows that the defendant company always kept a supply of good boards on hand, readily accessible to the truckmen for whose use they were intended, and that there was a supply at hand.on the morning of the accident. The injury complained of was, therefore, due to the negligence of the plaintiff or of his fellow-servants, in selecting for their use a defective board.

In the case of smaller appliances, which are ordinarily kept in considerable quantities, and are in their nature intended to be transported from place to place, when the master keeps an adequate and accessible stock of such appliances in good condition, contributory negligence is predicable of the act of the servant who selects an appliance, which he knows, or ought to have known, to be defective and dangerous. Labatt on Master & Servant, vol. 1, p. 880; *White* v. *Newport News Shipbuilding Co.,* 95 Va. 355, 28 S. E. 577.

If the plaintiff, or his co-employees had exercised ordinary care and prudence in selecting the board, he would have escaped injury. His own negligence, or that of his fellow-servants, contributed to his misfortune, and, therefore, upon well

settled principles, the defendant company cannot be held responsible.

For these reasons, the judgment complained of must be affirmed.

*Affirmed.*